**UNITED R. R. OPERATING CRAFTS et al.**

v.

**NEW YORK, N. H. & H. R. CO. et al.**

**UNITED R. R. OPERATING CRAFTS et al.**

v.

**WYER et al.**

United States District Court
S. D. New York.

Dec. 8, 1953.

Maurice Finkelstein, New York City, for plaintiffs.

Polier & Midonick, New York City, for defendants Brotherhood of Locomotive Engineers and Brotherhood of Locomotive Firemen and Enginemen.

William J. O'Brien, New York City, for defendant William Wyer, trustee, Long Island R. Co.

Bernard L. Alderman, New York City, for intervenor Brotherhood of R. R. Trainmen.

Edward R. Brumley, New York City, for N.Y., N.H. & H. R. Co.

CONGER, District Judge.

Applications by the plaintiffs under Rule 60(b)(6), Fed.Rules Civ.Proc., 28 U.S.C.A., to vacate and set aside the orders and final judgments of August 31, 1953 entered on the mandate of the Court of Appeals for the Second Circuit, 205 F.2d 153, and modifying the order of April 27, 1953 dismissing the amended complaints so as to permit plaintiffs to file an amendment to their amended complaints.

Rule 60(b)(6) authorizes relief from a judgment for "any other reason justifying relief from the operation of the judgment." Plaintiffs place no reliance upon subdivisions (1) to (5) of Rule 60 (b).

Plaintiffs' reason for relief under Rule 60(b)(6) amounts to this: that the conclusions expressed in the opinion of the Court dated April 16, 1953, 115 F.Supp. 359, as effectuated by the order of April 27, 1953 and judgment of August 31, 1953, entered on the mandate of the Court of Appeals, raise serious questions of the constitutionality of the union shop amendments to the Railway Labor Act, 45 U.S.C.A. § 151 et seq., so that the plaintiffs in view of the irreparable harm ensuing, should now be permitted to challenge these amendments in these suits. Aside from the fact that the plaintiffs have waited six months from the entry of the order dismissing the suits and four months after the affirmances by the Court of Appeals and also aside from the fact that UROC has opportunity to raise the problem in other cases pending (I am not certain, however, how this would benefit the individual plaintiffs here), the relief sought is denied because the plaintiffs could have, and should have, posed the question long prior to the order of April 27, 1953.

My opinion of April 16, 1953 with the subsequent and consequent orders entered thereon did not bring into being the constitutional issue now urged here. Such issue was present and alive when plaintiffs filed their original complaints.