Zacharias C. PIERRE, Plaintiff,

v.

BERNUTH, LEMBCKE CO., Inc., Defendant.

United States District Court
S. D. New York.

Dec. 31, 1956.

Paul C. Matthews, New York City, for plaintiff.

Hill, Betts & Nash, New York City, for defendant. Robert S. Blanc, Jr., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff moves, pursuant to Rule 60 (b), Fed.Rules Civ.Proc., 28 U.S.C.A., for an order vacating the order of dismissal for want of prosecution entered herein on May 22, 1953.

This action, for personal injuries sustained by plaintiff on August 7, 1948 due to an alleged assault by a superior officer on board defendant's vessel, was commenced on November 12, 1948. In early 1951, while this case was pending, plaintiff was committed to a mental institution. Because of this incarceration, plaintiff was unavailable for trial, and on the call of a special pretrial calendar, the order dismissing this action without prejudice was entered.

Plaintiff was discharged from the mental hospital in July 1955. He was then deported to Trinidad. His attorney did not learn of these facts until November 1955 and was not able to locate his client in Trinidad until January 1956. It is not denied that thereafter he attempted to communicate with defendant's attorneys with respect to the possibility of settlement and was finally informed, shortly before this motion was made, that there would be no settlement negotiations unless and until the case was restored to the calendar.

Under Rule 60(b) (6), this Court may vacate the order dismissing this action for "any * * * reason justifying relief from the operation" of the order, if such motion is made, "within a reasonable time." This provision is "a grand reservoir of equitable power to do justice in a particular case." 7 Moore, Federal Practice p. 308 (2d ed. 1950).

Defendant objects to vacating the dismissal at this late date because of the difficulty of defending an action for an injury suffered more than eight years ago.

There is no doubt that trial of the case at this time would impose severe hardship on the defendant. But such hardship to the defendant should not prevent this plaintiff from securing a determination of his cause of action on the merits. Defendant was aware of plaintiff's mental illness and could have protected itself to a substantial extent at least by con-

cluding all investigation at that time so that, if plaintiff became able to proceed to trial, defendant would not be unprepared. In fact, defendant did examine plaintiff by deposition in 1949 prior to his commitment to the mental hospital.

■ This motion is made "within a reasonable time," even though over three years has elapsed since the dismissal was ordered. It would have been an idle gesture for this motion to have been made on plaintiff's behalf before he was discharged from the hospital in July 1955. Plaintiff's attorney seems to have acted with reasonable diligence after he learned of the discharge.

Plaintiff's motion is granted. The order dismissing this action is vacated and the case is restored to the jury calendar for trial.