William A. REVILLE

v.

Eleanor M. REVILLE.

Supreme Judicial Court of Maine.

March 3, 1977.

Daviau & Daviau by Robert Daviau, Jerome G. Daviau, Waterville, for plaintiff.

Marden, Dubord, Bernier & Chandler by Donald H. Marden, Waterville, for defendant.

Before DUFRESNE, C. J., and * WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

William A. Reville was granted a divorce from Eleanor M. Reville on October 23, 1970 in the District Court, Seventh District, Division of Northern Kennebec, on the ground of the wife's "gross and confirmed habits of intoxication from the use of intoxicating liquors" pursuant to 19 M.R.S.A. § 691. In her appeal to the Law Court from the Superior Court's affirmance of the District Court judgment of divorce, the defendant wife advanced for the first time her contention that the reference statute as applied to her violated her rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States. The District Court and the Superior Court on appeal, she asserted, had seized upon the disease of alcoholism over which she had absolutely no control to support the reference statutory cause for granting her husband a divorce and in so doing had deprived her unconstitutionally

"not only of her status as a married woman but also of her property rights in the form of continuing support or permanent alimony . . . ." See *Reville v. Reville,* 1972, Me., 289 A.2d 695, at 696, 697.

We concluded in *Reville,* supra, at page 698:

"The defendant's omission to take the necessary steps to provide the factual basis upon which alone the issue, as raised [for the first time in the Law Court], can be decided in the type of proceeding now before the Court, combined with the need of this Court to avoid producing an advisory opinion upon an abstract proposition, require a denial of consideration of a constitutional issue raised for the first time on appeal."

We further said in *Reville,* supra, at page 697 that failure to raise an issue at the trial level is in legal effect a waiver of that issue in any appeal from judgment, even if the issue pertains to an alleged violation of the Constitution of the United States. See also *Frost v. Lucey,* 1967, Me., 231 A.2d 441; *Younie v. State,* 1971, Me., 281 A.2d 446.

Undaunted by her previous abortive appeal, the defendant wife then sought in the District Court the same relief from the divorce judgment which she had pressed unsuccessfully for the first time on appeal to the Law Court, using District Court Civil Rule 60[1] as the vehicle to obtain a rever-

---

* Weatherbee, J. sat at argument and participated in consultation, but died before the opinion was adopted.

1. D.C.C.R. 60 provides as follows:
   "Rules 60(a) and (b) of the Maine Rules of Civil Procedure govern procedure in the District Court so far as applicable.
   (c) Appeals from Denial of Relief. A party aggrieved by a denial of a motion for relief from a judgment may, within 10 days from such denial, appeal to the Superior Court and obtain a hearing de novo on the motion."

Rule 60(b), M.R.C.P. states in pertinent part as follows:
   "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an

sal or modification of the outstanding judgment of divorce.

In the District Court expert testimony was received which tended to show, generally, that alcoholism is a disease and manifests itself in the inability of the victim to control the time, place and quantity of consumption of alcohol and, specifically, that the defendant wife suffered from such disease. No attempt was made, however, evidentially or otherwise, to excuse the prior failure of the defendant to present to the District Court at the original hearing on the complaint for divorce the substantive constitutional issue which she now advances. With no relief forthcoming as a result of her Rule 60(b) motion either at the District Court level or in the Superior Court on appeal, the defendant wife has brought the issue before the Law Court. We deny her appeal.

■ Generally speaking, as we stated in *Warren v. Waterville Urban Renewal Authority*, 1972, Me., 290 A.2d 362,

"[t]he relief from a final judgment under Rule 60(b), M.R.C.P., in most part, is subject to the exercise of a sound discretion by the trial court upon competent evidence supporting one or more of the reasons for which relief is provided by the Rule, and the action of the trial judge in such circumstances is reviewable by the Law Court only for abuse of discretion."

■ A collateral attack upon a final judgment as provided by Rule 60(b), M.R.C.P. does not have the same effect of a direct appeal and, therefore, does not per se reopen the original case for reconsideration on its merits. See *Semo v. Goudreau*, 1951, 147 Me. 17, at 23, 83 A.2d 209, at 212.

■ The purpose and scope of the rule is well stated in *Willette v. Umhoeffer*, 1968, Me., 245 A.2d 540 at 542:

"A motion under Rule 60(b) does not affect the finality or operation of a judgment. The relief thereby sought is no alternative to appeal and courts look askance at any motion where without reason the appellate remedy was not pursued. * * * The motion for relief from a final judgment is addressed to the sound discretion of the trial court; and its action is reviewable by the Law Court only for abuse of discretion."

In *Willette,* a record consisting only of an explanation of a defendant's failure to appear at hearing to prosecute his motion for permission to file a late answer, but containing no excuse for the same, *was held insufficient* to support the setting aside of a default judgment and to constitute an abuse of judicial discretion.

■ Furthermore, divorce judgments, once granted and ripened to finality, should not be readily set aside except for reasons provided by law, which, if dependent on facts, are supported by proof and found by the court to justify relief. Divorce judgments determine the status of the parties, not only with respect to their relations to one another, but also with respect to their relations to the children of the family unit and the general public. Public policy dictates that final judgments in divorce cases be not disturbed except upon strict proof of facts justifying relief under law. See *Winstone v. Winstone,* 1905, 40 Wash. 272, 82 P. 268.

■ Because of its policy interest in maintaining the integrity of the marriage relation, the State is a third party to divorce proceedings. *Belanger v. Belanger,* 1968, Me., 240 A.2d 743.

adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment."* (Emphasis supplied)

██ However, even though "[t]he State is a party to every divorce action and has a well defined interest in the continuance of the marriage relationship on the grounds of public policy" and "[p]ublic policy should be and is one of the prime considerations in considering all procedures relating to divorce and is of extreme importance in its application to all aspects of actions of divorce" (*Deblois v. Deblois,* 1962, 158 Me. 24, 30, 177 A.2d 199, 202), nevertheless, once the marriage relationship has been severed by a judgment of divorce which has become final, it then is in the public interest to maintain the stability of the new status established by a final judgment of divorce. Indeed, divorced persons may lawfully enter into other relationships which would be jeopardized if final judgments of divorce could be set aside readily; a converse public policy would make it possible, under the guise of law, to inflict injury and suffering upon innocent persons entitled to every protection the law can afford.

██ Reasons of public policy make it desirable that judgments affecting the marital status, whether of nullity, dissolution or separation, have a high degree of stability. Such judgments affect so many collateral rights and interests of third persons that uncertainty and fluctuation respecting them would be greatly detrimental to the public interest. *Dobbs v. Dobbs,* 1955, 225 Ark. 397, 282 S.W.2d 812.

██ The sweeping language of Rule 60(b)(6), M.R.C.P., applicable in the District Court by virtue of Rule 60, D.C.C.R., which permits the court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for *any reason justifying relief from the operation of the judgment* has its limitations. Although characterized as a "grand reservoir of equitable power to do justice in a particular case," (Field, McKusick and Wroth, Maine Civil Practice, § 60.11—*Pierre v. Bernuth Lembcke Co.,*

1956, S.D.N.Y., 20 F.R.D. 116, 117), this catch-all clause of the rule must be applied in the exercise of a sound judicial discretion. *Cavalliotis v. Salomon,* 1966, 2 Cir., 357 F.2d 157; *Douglass v. Pugh,* 1961, 6 Cir., 287 F.2d 500.

██ A Rule 60(b) proceeding calls for an adjustment between the desirability of finality of judgments and the relief from an injustice. In the instant case the defendant wife in the first round of litigation defended against her husband's complaint for divorce on the ground that the alleged cause for divorce of gross and confirmed habits of intoxication from the use of intoxicating liquors on her part did not exist. She was represented by counsel and maintained that position at the trial level before the District Court as well as before the Superior Court on appeal. It was only in her appeal to the Law Court that she raised for the first time the same issue of unconstitutionality of the statute which she now advances as reason for relief from the divorce decree under Rule 60(b)(6). That issue was a present and live question when the plaintiff filed his original complaint for divorce. The defendant made no showing why the reference issue was not presented to the trial court in the first place. Justice has been served when a defendant has had an opportunity to present a defense.

That hindsight would seem to indicate to the defendant that her previous defense against the plaintiff's complaint for divorce was probably wrong and inadequate, considering the decision on appeal, such fact is not sufficient reason per se to relieve her from the consequences of a possible calculated, deliberate and free choice of trial strategy. See *Ackermann v. United States,* 1950, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207; *United R. R. Operating Crafts v. New York, N. H. & H. R. Co.,* 1953, S.D.N.Y., 15 F.R.D. 365.

██ It is true that Rule 60(b) provides collateral remedial relief against unjust or

inequitable final judgments, but the rule presupposes that a party has performed his duty to take legal steps to protect his own interests in the original litigation. The rule was not intended as an alternative method of appellate review, nor as a procedural means by which legal errors readily correctible on appeal may be challenged in a second round of litigation. Laudable as is the goal of providing relief from injustices which Rule 60(b) contemplates, courts must strike a balance between that goal and the salutary policy of finality in litigation. *Neagle v. Brooks,* 1969, 203 Kan. 323, 454 P.2d 544.

Our Court faced an analogous situation in *Conger v. Conger,* 1973, Me., 304 A.2d 426, wherein, on a husband's motion for relief from a judgment of divorce relating to child support and alimony, relief was denied upon the following rationale:

"Since he has shown no reason why the issue he now seeks to present to the Court was not presented in his appeal from the divorce judgment, we decline to allow him a second appeal."

The entry will be

Appeal denied.

All Justices concurring.