Patricia A. MERRILL

v.

James E. MERRILL.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1982.
Decided Sept. 2, 1982.

Law Offices of Daniel G. Lilley P.A., E. Paul Eggert (orally), Portland, for plaintiff.

Campbell & Schmidt, Andrews B. Campbell (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

GODFREY, Justice.

Defendant James E. Merrill seasonably appeals from a judgment of the Superior Court, Cumberland County, entered on June 5, 1981, which vacated an amended divorce judgment entered in District Court, Portland, on February 17, 1981. The Superior Court was acting as an appellate court in hearing the appeal of plaintiff, Patricia A. Merrill, from the amended judgment. The court found that the divorce court had improperly amended the original divorce decree insofar as it related to the disposition of the proceeds from the sale of the former marital homestead. We affirm the judgment of the Superior Court.

I.

On January 9, 1980, Patricia Merrill filed a complaint for divorce in District Court against her husband, James. On October 21, 1980, the District Court entered a protection-from-abuse order on a complaint filed by the plaintiff pursuant to 19 M.R. S.A. ch. 14 (§§ 761–771) (1981). The order awarded sole custody of the children and possession of the marital house to plaintiff. Defendant was denied visitation rights except upon recommendation and under the supervision of various social service organizations, and was ordered to receive counseling from a social worker, family counseling center, psychiatrist, or other counseling service. Both plaintiff and the two little girls were ordered to receive counseling from the Community Counseling Center in Portland.

After a hearing, plaintiff was granted a divorce from defendant on December 4, 1980, on the ground of irreconcilable marital differences. Plaintiff was awarded custody of the children, and the defendant was prohibited from visiting them except on recommendation of the Community Counseling Center and the Department of Human Services. Defendant was ordered to pay child support of $30 per week per child and to pay for all expenses of health care until the children reached majority.

Upon consideration of the assets of each party and their contributions to the marital property, among other things, the divorce judge ordered that the jointly-held marital house on Columbia Road, Portland, be deeded to plaintiff. She was to assume payment of the primary mortgage debt and all liabilities arising therefrom. In lieu of alimony, the husband was declared to have a $10,000 interest in the marital house. This interest was to be secured by a second mortgage on the house to be granted to him by plaintiff with a $10,000 promissory note bearing eight percent annual interest. The

note was to be due on the earliest of the following events: (1) five years from the date of judgment; (2) sale of the house; or (3) refinancing of the house. Personal property and debts were allocated between the parties. Finally, defendant was ordered to pay plaintiff's attorney $700 in counsel fees.

Soon thereafter, divers post-judgment motions were filed by the parties seeking various modifications in the original divorce judgment and in the protection-from-abuse order. All pending motions were consolidated and a hearing was held in District Court on February 3, 1981. On February 17, 1981, the divorce judge entered an amended judgment and restraining order, asserting as the basis for his authority to do so the best interests of the minor children, changed circumstances, M.D.C. Civ. R. 60 and M.R. Civ. P. 60(b)(3) and (6).

In the interval between entry of the original judgment and entry of the amended judgment by the divorce court, plaintiff and the two minor girls had left the State of Maine and moved to Florida. They were therefore no longer living in the Columbia Road house, nor were they undergoing counseling as originally ordered at the Community Counseling Center.

Under the amended judgment, plaintiff was ordered to seek counseling from a named Florida counseling center if she intended to remain in that state. Certain administrative changes were made in the provisions for payment of child support in the original order. The most significant change, however, concerned the disposition of the marital home. Finding that plaintiff no longer needed the Columbia Road house for the welfare of the children because they had moved to Florida, the divorce judge ordered the parties to sell the house. Even though defendant retained his $10,000 interest in the house, the divorce court ordered $15,000 of the net proceeds of the sale

to be placed in an interest-earning escrow account. The account was to be maintained for the purpose of compensating defendant for any expenses he might incur in visiting his children in Florida and for the purpose of defraying the costs of any psychiatric care received by the children.

From this amended judgment, plaintiff appealed to the Superior Court. On the basis of the pleadings and the record but without a transcript of the hearing, the Superior Court found that the divorce court had exceeded its authority in amending its original judgment insofar as the marital property was concerned. He ruled specifically that because defendant had failed to file a proper motion for relief from judgment under M.R. Civ. P. 60(b), the divorce court was precluded from altering the marital property judgment. He ruled alternatively that the defendant had not made a sufficient showing of injustice or otherwise met the requirements for granting relief under Rule 60(b).

## II.

On appeal, defendant argues that the Superior Court erred in vacating the divorce Court's amended judgment for lack of authority.[1] Defendant argues, first, that the divorce court possessed the inherent equitable authority to amend its original divorce decree, even if the amendment affects the original disposition or division of marital property; second, that the escrow provision of the amended judgment was not a division of marital property but was rather, by way of construction or interpretation, an award of either alimony or of child support, amendable under 19 M.R.S.A. § 721 or § 752 (1981); finally, that even if the amended judgment changes the division of marital property, it was the result of a proper exercise of the court's discretionary authority under M.R. Civ. P. 60(b). We disagree.

1. Because the parties agreed on June 11, 1981, after entry of the Superior Court judgment, to sell the marital home, any issue concerning the authority of the divorce court to order the sale of the house is rendered moot. Defendant's argument on appeal is thus limited to the question whether the divorce court possessed the authority to amend the original judgment by ordering the parties to place $15,000 of the net sale proceeds in an escrow account for visitation and psychiatric counseling expenses.

■ In Maine, the jurisdiction of the divorce court is purely statutory, and its authority to act on matters of divorce must arise out of the statutory law or not at all. *Wood v. Wood,* Me., 407 A.2d 282, 285–86 (1979). This is not a situation in which the grant of authority by the Legislature to act on a certain matter may bring into play independently based equitable powers of the divorce court, as is the case with the court's power to make decisions in custody disputes. *Harmon v. Emerson,* Me., 425 A.2d 978, 983–84 (1981). The divorce court was without power, independent of statutory authority, to amend the original judgment as it did.

■ Under the applicable statutory scheme, the divorce court is empowered to award alimony, set apart to each spouse his or her property, divide the marital property, and order arrangements for the care, custody, and support of the minor children. 19 M.R.S.A. §§ 271, 722–A & 752 (1981). Sections 721 and 752 specifically permit the divorce court to consider post-judgment motions to modify the original divorce decree with respect to alimony and child custody and support if circumstances change after entry of the original decree. *Bagley v. Bagley,* Me., 415 A.2d 1080, 1082 (1980). Section 722–A, however, contains no similar provision for permitting post-judgment modification of the provisions of the original judgment dividing the marital property.

Apparently recognizing that limitation, the defendant husband submits that the amended judgment did not modify the original division of marital property. He argues that the escrow provision of the amended judgment should be construed as either a change in the award of alimony or a special provision for child support and maintenance and that the amendment of the judgment should be regarded as a proper exercise of remedial authority by the divorce court under 19 M.R.S.A. §§ 721 & 752.[2]

■ In his amended judgment, the divorce judge struck that part of the original decree denominated "Real Estate" and substituted a new paragraph in which he ordered the Columbia Road home to be sold, declared defendant's interest to be $10,000 in lieu of alimony, and ordered the parties to establish the $15,000 escrow account described above from the net proceeds on the sale of the house (*i.e.,* after payment of both the first and second mortgages). By doing so, the divorce court effectively removed $15,000 of assets from plaintiff's exclusive control. In other words, the amended decree changed the disposition of marital property settled by the original decree. Having that effect, the order cannot be interpreted as merely an amended award of alimony or provision for child support within the contemplation of sections 721 and 752. With respect to the provisions for division of marital property, the original judgment was not subject to post-judgment modification by virtue of 19 M.R.S.A. §§ 721 & 752. Nothing in the provisions of those statutes gave the divorce court the power to make such a modification.

■ The divorce court also invoked M.R. Civ. P. 60(b)(3) and (6) as a basis for amending the original judgment.[3] The Superior

2. In his brief, defendant cites a number of Maine and other decisions in support of his argument. *E.g., Bryant v. Bryant,* Me., 411 A.2d 391 (1980); *Pendexter v. Pendexter,* Me., 363 A.2d 743 (1976); *McGugin v. McGugin,* 357 So.2d 347 (Ala. Civ. App. 1978); *Werner v. Werner,* 120 Cal.App.2d 248, 260 P.2d 961 (1953). Although those decisions indicate that courts have considerable leeway in interpreting certain payments as alimony, they are inapposite on their facts. None of the decisions cited by defendant address the establishment of an expense account for one spouse out of marital property that has already been allocated to the other spouse.

3. M.R. Civ. P. 60(b) provides, in pertinent part:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. . . .

Court was correct in deciding that the divorce court erred in doing so on the grounds that neither party had filed a Rule 60(b) motion and that the evidence of a post-trial change of circumstances did not suffice, under Rule 60(b), to serve as the basis for relief from the provisions of the judgment dividing the marital property.

█ Rule 60(b) permits the court, on motion and upon such terms as are just, to relieve a party from final judgment for any of the six reasons articulated in the rule. It is not intended as an easily invoked device for amending judgments, especially to accommodate post-trial changes of circumstances.

█ Here, in none of their divers pleadings did either party ever file a specific motion seeking Rule 60(b) relief, despite the plain requirement in the rule that such motion be made before relief may be considered. Nor did defendant aver facts in any of his pleadings sufficient to generate consideration of Rule 60(b) relief from judgment. The moving party must state with particularity the grounds on which he seeks relief and the statute or rule invoked, M.R. Civ. P. 7(b)(1), in order that the presiding judge and adverse party may be adequately apprised of the facts and the pertinent provisions of law on which the claim for relief is based.

█ In this case, the divorce court purported to invoke subsections 3 and 6 of the rule. Relief from judgment may be granted under subsection 3 for fraud, misrepresentation, or misconduct of the adverse party, and under subsection 6 for any other reason justifying relief from the operation of the judgment. Defendant did not plead either basis in this case. Apparently, defendant sought a change in the division of marital property solely because his ex-wife and their children had moved to Florida after entry of the original decree, making visitations with his children financially burdensome. Nowhere in the many motions filed by defendant does he aver any facts suggestive of fraud, misrepresentation, or misconduct that might invalidate the original judgment under Rule 60(b)(3).

█ Nor can any support be found in the pleadings for granting relief from judgment under Rule 60(b)(6). That subsection requires a showing of injustice in the original judgment. Although that subsection has been characterized as a broad catchall, a pleading alleging merely a post-trial change in the facts on which the original judgment was premised is rarely sufficient as a basis for invoking the rule. It is necessary that judgments, especially those settling property rights as in this case, have a high degree of stability and finality. *Reville v. Reville*, Me., 370 A.2d 249, 253 (1977). The Superior Court was correct in finding that the District Court abused its discretion in amending the judgment in a way that modified the original provisions for the division of marital property without any clear showing that those provisions were unjust.

### III.

As one provision of its judgment, the divorce court awarded attorneys' fees to the defendant husband. The Superior Court vacated the amended judgment of the divorce court and remanded for further proceedings consistent with the Superior Court's order. In his appeal to the Law Court, the husband asks for reinstatement of the divorce court's award of attorneys' fees and an award of attorneys' fees for prosecuting this appeal. We interpret the Superior Court's judgment as having the effect of requiring the divorce court to reconsider attorneys' fees in light of the fact that the divorce court's amended judgment has been vacated and the original divorce judgment reinstated. In the circumstances of this case, no basis appears for a determination by this Court that that provision of the Superior Court's judgment is erroneous.

█ Motions for attorneys' fees on appeal to the Law Court are properly addressed to the divorce court, not to the Law Court on appeal. *Bryant v. Bryant*, Me., 411 A.2d 391, 395–96 (1980).

The entry is:

Judgment affirmed.

All concurring.