Barbara KOLMOSKY

v.

Edward KOLMOSKY.

Supreme Judicial Court of Maine.

Argued April 27, 1992.

Decided Sept. 20, 1993.

Paul F. Macri (orally), Berman & Simmons, P.A., Lewiston, for plaintiff.

Toby H. Hollander (orally), Robert A. Laskoff, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

This case comes to us on appeal from a Superior Court (Knox County, *MacInnes, A.R.J.*) affirmance of a summary judgment in favor of defendant Edward Kolmosky entered in the District Court (Rockland, *Field, J.*) on plaintiff Barbara Kolmosky's motion pursuant to M.R.Civ.P. 60(b) for relief from the property and child support provisions of the parties' divorce judgment. Although we conclude that it was inappropriate for the court to entertain a motion for a summary judgment on a motion for relief from judgment, we nevertheless conclude that the evidence Barbara presented to the District Court does not entitle her to relief from the divorce judgment. Accordingly, we affirm.

Several months after Barbara obtained a divorce from Edward, and after consulting with a different attorney than the one who entered his appearance on her behalf during the divorce proceedings, Barbara filed in the District Court a motion pursuant to M.R.Civ.P. 60(b)(3) and (6),[1] later amended, for relief from the divorce judgment. The following facts are alleged by Barbara in support of her motion.

The parties were married in 1971. They have two children, born in 1971 and 1974. Barbara sought a divorce in 1989. Edward had ownership interest in and operated a business, Fuller Olds Cadillac and GMC Trucks, Inc., an automobile dealership he purchased in the early 1980s. Edward told Barbara that they could reach a favorable settlement agreement and use one attorney to handle the divorce. Edward scheduled an appointment for them with an attorney, whom the parties knew as the attorney for Edward's business. That attorney had also drawn up the parties' wills.

Prior to seeing the attorney, Edward and Barbara reached an agreement on the various matters associated with the divorce, and they took a handwritten list (in Barbara's handwriting) to the attorney's office. The attorney told the parties that he could represent them only if there was no disagreement between them regarding the terms of the divorce. He did not advise Barbara, and there is nothing in the record to indicate that he advised Edward, that their interests might be adverse, or that each should be represented by their own individual attorney. Nor was there any discussion as to the values of the assets that appeared on the handwritten list. The attorney drew up the settlement agreement as proposed by the parties, filed the divorce complaint with Barbara named as plaintiff, entered his appearance in the District

---

1. M.R.Civ.P. 60(b) provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

Court as Barbara's attorney,[2] and prosecuted the uncontested divorce hearing.

The settlement agreement was reviewed by the parties, approved by the court, and incorporated into the divorce judgment following an uncontested hearing. It provided that Edward was to keep the business and the summer cottage.[3] Barbara received bank accounts.[4] The children were to live with Barbara, and Edward was to pay child support of $400 per child per month. Edward agreed to pay for the children's college educations, to provide cars for Barbara and the children, and to provide health insurance.

Barbara contends that the conduct of both Edward and the attorney entitle her to relief from the divorce judgment. She alleges that Edward did not want her to obtain her own attorney and that she agreed to the terms of the settlement agreement because he threatened not to pay for the children's college educations and to seek an accounting for the marital funds and marital effort spent on improvements to Barbara's mother's home if she attempted to obtain a portion of the auto dealership. Barbara further contends that the attorney had a conflict of interest and that his failure to advise her that her interests could be adverse to Edward's and to obtain her own lawyer justifies the granting of her post-judgment motion, or, at the very least, precludes summary judgment.

■ Although the case appears to have been ready, or nearly so, for decision on the *merits* of the Rule 60(b) motion, the District Court entertained and decided the case on a motion for a summary judgment. The summary judgment procedure set forth in M.R.Civ.P. 56 has broad application, but there is little reason for its use when the matter before the court is itself a motion for relief from judgment pursuant to M.R.Civ.P. 60(b). M.R.Civ.P. 56(b) provides that "[a] party against whom a claim, counterclaim or cross-claim is as-

serted or a declaratory judgment is sought, may ... move ... for a summary judgment." (Emphasis added.) Rule 56 is "a pretrial mechanism for determining whether a trial will be necessary." *Rancourt v. Waterville Osteopathic Hosp.*, 526 A.2d 1385, 1388 (Me.1987). Its purpose is to avoid delay through the prompt disposition of cases in which a dispute is solely dependent on the resolution of issues of law and no triable factual issues exist. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me. 1985).

In most cases, Rule 60(b) motions are decided on the basis of affidavits and other documentary evidence usually without the necessity of a lengthy evidentiary hearing. In this case, in preparation for the Rule 60(b) motion, the parties engaged in discovery and depositions were taken. Despite the case's apparent ripeness, or near ripeness, for a decision on the merits of the Rule 60(b) motion, the court entertained and granted Edward's motion for a summary judgment. The use of a summary judgment in this case, to decide a Rule 60(b) motion, has the effect of turning the resolution of the Rule 60(b) motion into a two-step process, causing rather than preventing delay.

■ In bringing a Rule 60(b) motion, Barbara has the burden of convincing the court that the divorce judgment should be set aside. It is in the public interest that divorce judgments, once final, not be easily altered. *Reville v. Reville*, 370 A.2d 249, 253 (Me.1977). "It is necessary that judgments, especially those settling property rights ... have a high degree of stability and finality." *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me.1982). Rule 60(b) is not intended as an alternative method of appeal. *Reville*, 370 A.2d at 254. On the other hand, the rule does not preclude an independent action attacking a divorce judgment based on fraud or misrepresenta-

---

**2.** Edward appeared in the proceedings *pro se.*

**3.** There was no year-round marital residence. The parties had resided with Barbara's mother for some time.

**4.** The bank accounts had a value of approximately $20,000. The value of the business is not clear from the record. The summer cottage was assessed at $90,000 shortly after the judgment.

tion. *Sargent v. Sargent,* 622 A.2d 721, 722 (Me.1993).

■ In this case, Barbara does not allege fraud or misrepresentation. She seeks relief pursuant to Rule 60(b)(3) for "misconduct of an adverse party." Misconduct of an adverse party under Rule 60(b)(3) refers to the misconduct of Edward and not the misconduct of the attorney who represented Barbara, at least when there is no evidence of collusion between the two. Although other avenues of relief may be available to Barbara for the misconduct of her own attorney, she cannot rely on Rule 60(b)(3) to secure that relief.[5]

■ The actions of Edward relied on by Barbara to constitute misconduct under Rule 60(b)(3), or to otherwise justify relief under 60(b)(6), simply do not rise to a level sufficient to justify the setting aside of a divorce judgment with a property disposition. Barbara makes no allegation of fraud, nor does she allege that Edward misrepresented the values of the business or the real estate. *See Sargent,* 622 A.2d at 722–23 (former wife could maintain separate plenary action against ex-husband for fraud and misrepresentation as to value of marital estate). On the contrary, there is no evidence that Edward failed to disclose assets or misrepresented their value. Nor is there an allegation or evidence of active collusion between Edward and the attorney representing Barbara to deprive Barbara of her rightful share of marital property. Barbara's own evidence demonstrates that she was aware of all of the assets of the marriage and agreed on their division. A party is not entitled to relief from choices freely and deliberately made. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.11 at 77 (2d ed.1970). Although the court did not address the merits of the 60(b) motion, it could not have properly granted relief to Barbara in the circumstances of this case.[6]

The entry is:

Judgment affirmed.

WATHEN, C.J., GLASSMAN, and RUDMAN, JJ., concurring.

DANA, Justice, with whom ROBERTS, Justice, joins, dissenting.

I respectfully dissent.

The majority concludes that a wife is not entitled to relief from a divorce judgment procured after her husband retains his lawyer to represent them both in violation of our Bar rules [1] and a recent decision of this Court [2] and the lawyer drafts the settlement agreement to minimize his personal liability for malpractice [3] and our Grievance

---

**5.** Subsequent to the decision of the District Court on the motion for summary judgment, Barbara's attorney was reprimanded by a Panel of the Grievance Commission of the Board of Overseers of the Bar for representing both parties in the divorce action and failing to advise Barbara to hire her own attorney. *See* M.Bar R. 3.4(d). Barbara did not move to supplement the record in the Superior Court pursuant to M.R.Civ.P. 76F(b). The Superior Court granted Edward's motion to strike the copy of the Grievance Panel findings that Barbara had attached to her brief. We take judicial notice of the findings of the Grievance Panel. The misconduct found, however, would not justify relief from the divorce judgment under Rule 60(b).

**6.** The parties have already engaged in discovery and depositions were taken. On appeal, Barbara does not contend there is additional evidence relating to the conduct of Edward or the attorney.

**1.** The Grievance Commission of the Board of Overseers of the Bar concluded, in pertinent part, that the lawyer:

acted improperly in representing both husband and wife in a divorce action which involved minor children, significant marital assets, and a wife with no apparent job prospects. Respondent argues forcefully that he merely acted as a scrivener to memorialize the agreement which had been negotiated by the husband and wife. However, the situation in which Respondent was faced clearly called for independent advice to be rendered to both husband and wife. Under these circumstances it could not have been obvious to Respondent that he could adequately represent the interests of both parties. See Maine Bar Rule 3.4(d). Respondent is hereby reprimanded for such violation.

**2.** *Board of Overseers of the Bar v. Dineen,* 500 A.2d 262 (Me.1985).

**3.** The attorney sought to protect himself in the settlement agreement by adding this final paragraph:

8. *MISCELLANEOUS:* Both Parties to this Agreement have negotiated the complete set-

Commission finds the property settlement "substantially unequal and greatly favor(ing) the husband." Assuming no prejudice to third parties, I would provide relief from judgments reached after one lawyer represents both parties in a divorce.

tlement arrangement and have retained the law firm of Grossman–Faber solely for the purpose of initiating the necessary paperwork to effectuate this Agreement to obtain a Divorce Judgment. Since both Parties are intimately aware of the family assets and liabilities, they do not feel it necessary to have Interrogatories served nor use any other counsel and agree to indemnify and hold harmless the said law firm of Grossman–Faber from any errors in judgement or any mistakes each of them may have made in negotiating this settlement.