Judith M. ZINK

v.

Edward A. ZINK.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1996.

Decided Dec. 17, 1996.

Walter Hanstein (Orally), Joyce, Dumas, David and Hanstein, P.A., Farmington, for Plaintiff.

Ronald J. Cullenberg (Orally), Cullenberg Law Offices, Farmington, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

In this consolidated appeal, Edward A. Zink appeals from (1) the judgment of the Superior Court (Franklin County, *Marden, J.*) affirming the judgment of the District Court (Farmington, *Clapp, J.*) granting Judith M. Zink's motion for a summary judgment and dismissing with prejudice Edward's motion for relief from judgment pursuant to M.R.Civ.P. 60(b); (2) the judgment of the Superior Court (Franklin County, *Alexander, J.*) affirming the judgment of the District Court (Farmington, *Clapp, J.*) finding Edward in contempt of court in ordering his commitment; and (3) the judgment of the Superior Court (Franklin County, *Alexander, J.*) dismissing with prejudice Edward's complaint for misrepresentation of paternity. We vacate the commitment portion of the contempt order and the dismissal of Edward's complaint for misrepresentation of paternity and affirm the judgments in all other respects.

Judith and Edward were married in 1982 and divorced in 1988. During the course of their six-year marriage, two children were born: Maia in 1982, and Jenna in 1984. The 1988 divorce judgment incorporated a settlement agreement pursuant to which Edward agreed to pay weekly child support to Judith for the benefit of Maia and Jenna. In 1990 Judith informed Edward that he was not the biological father of the couple's two children. Subsequent to that conversation, Edward ceased paying child support to Judith. In 1993 or 1994 Judith solicited assistance from the Department of Human Services ("DHS") in obtaining the delinquent child support from Edward. Thereafter Edward received a statement from DHS stating that as of July 1994 his child support payments were in arrears in excess of $29,000.

In November 1994 Edward filed in the District Court a motion for relief from judgment pursuant to M.R.Civ.P. 60(b).[1] Two months later, Judith responded with a motion for a summary judgment on Edward's motion for relief from judgment. Following a hearing on Judith's motion, the District Court, *inter alia*, found that Edward had failed to file his Rule 60(b) motion within a reasonable period of time, granted a summary judgment in favor of Judith and dismissed with prejudice Edward's motion for relief from judgment. Those judgments were affirmed by the Superior Court in July 1996.

In July 1995 Judith filed a motion for contempt in the District Court[2] based on Edward's failure to pay more than $29,000 in past-due child support. Edward did not appear at the contempt hearing and Judith was the sole witness. The court determined

---

1. This matter was docketed in the District Court as Docket No. 87–DV–116 and in the Superior Court as Docket No. CV–95–57.

2. This matter was also docketed in the District Court as Docket No. 87–DV–116 and in the Superior Court as Docket No. CV–95–57.

that Edward was in contempt for his contumacious failure to comply with the divorce judgment based on his failure to pay child support. It also found that Edward was $35,213.96 in arrears on the child support obligation and that he had the present ability to pay the full amount due from his income or assets and ordered his immediate commitment to the Franklin County Jail. In March 1996 the Superior Court affirmed the contempt order.

One month after the contempt order was issued, Edward initiated a separate action by filing a complaint for misrepresentation of paternity against Judith in the Superior Court.[3] Following a hearing arising from a discovery dispute between the parties, in January 1996 the Superior Court ordered Judith and Edward to make themselves available for a deposition at a mutually agreed on place in Farmington within thirty days of the order. When Edward failed to comply with the discovery order, Judith filed a motion for sanctions pursuant to M.R.Civ.P. 37(b)(2)(C). In March 1996 after a hearing on the motion, the Superior Court dismissed Edward's complaint with prejudice for failure to comply with the January discovery order.

### I. Motion for Relief from Judgment

Edward contends, *inter alia,* that the trial court erred when it granted Judith's motion for a summary judgment and dismissed with prejudice his motion for relief from the child support provisions in the divorce judgment. We agree that the trial court erred in entertaining a motion for a summary judgment under these circumstances, but nevertheless affirm the dismissal of Edward's 60(b) motion because the record reflects that he was not entitled to relief from the divorce judgment.

■ "We review a trial court's denial of a Rule 60(b) motion for an abuse of discre-

tion." *Key Bank of Maine v. Walton,* 673 A.2d 701, 703 (Me.1996). As we have previously stated, there is little reason for the use of a summary judgment when the matter before the court is a motion for relief from a judgment pursuant to Rule 60(b). *Kolmosky v. Kolmosky,* 631 A.2d 419, 421 (Me.1993). Nevertheless, in *Kolmosky,* we affirmed the granting of a summary judgment in favor of the former husband on the former wife's Rule 60(b) motion because "[a]lthough the court did not address the merits of the 60(b) motion, it could not have properly granted relief to [the former wife] in the circumstances of this case." *Id.* at 422.[4]

■ *Kolmosky* is analogous to the instant case. Although it was inappropriate for the trial court to entertain a motion for a summary judgment on a Rule 60(b) motion, the facts in this case reflect that the trial court could not have properly granted relief from the divorce judgment pursuant to a Rule 60(b) motion.

As the party bringing the 60(b) motion, Edward had the burden of convincing the court that the divorce judgment should be set aside. *Kolmosky,* 631 A.2d at 421. Edward's 60(b) motion lists reasons (1), (2), (3), and (6) of Rule 60(b) as grounds on which he is entitled to relief.[5]

Rule 60(b) allows the court to relieve a party from a final judgment for reasons of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

M.R.Civ.P. 60(b). A motion pursuant to Rule 60(b) must be made "within a reasonable

---

3. This case was docketed as CV–95–79.

4. A motion to dismiss might be a more appropriate means of testing the timeliness of a Rule 60(b) motion.

5. Although Edward now attempts to argue that he is entitled to relief pursuant to Rule 60(b)(5),

the record reflects that his motion and the corresponding court order were based on Rule 60(b)(1), (2), (3) and (6). Edward cannot now advance this argument raised for the first time on appeal. *Scott v. Lipman & Katz, P.A.,* 648 A.2d 969, 974 (Me.1994).

time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

The trial court correctly concluded that Edward was precluded from relief pursuant to Rule 60(b)(1), (2), or (3) because his motion was not filed within one year of the 1988 divorce judgment. Additionally, the record reflects that Judith informed Edward that he was not the biological father of the children in 1990, but Edward did not file his 60(b) motion until November 1994. The record is devoid of any evidence that would support Edward's implicit assertion that four years is a "reasonable time" within which to bring a motion for relief from a judgment. Finding *no abuse of discretion, we affirm the judgment dismissing Edward's Rule 60(b) motion.*

## II.  Contempt

Edward contends that the record does not contain sufficient evidence to support the trial court's findings that he is in contempt for his failure to comply with the divorce judgment and the commitment order that he has the present ability to pay $35,213.96. We affirm the contempt order and agree with Edward that the evidence is insufficient to support the commitment order.

■ When the record discloses no clear error in the factual findings underlying the trial court's determination, we review a judgment of civil contempt for abuse of discretion. *McKinley v. McKinley,* 651 A.2d 821, 824 (Me.1994). "A finding is clearly erroneous only if there is no competent evidence in the record to support it." *State v. Marden,* 673 A.2d 1304, 1308 (Me.1996). As the moving party on a motion for contempt, the burden of persuasion was on Judith to establish that Edward's failure to comply with the 1988 divorce judgment was contumacious. *Town of Kittery v. Dineen,* 591 A.2d 236, 237 n. 3 (Me.1991); *see also McKinley v. McKinley,* 651 A.2d 821, 824 (Me.1994).

■ As we have previously stated:

An essential element of civil contempt is the defendant's ability to comply with the court's order. When the allegedly violated order itself contains an implicit finding of ability to comply at the time the order issued[sic], there arises a presumption that the defendant is also presently able to comply and the plaintiff makes his prima facie case of contempt of court by establishing that the defendant has failed to comply with a valid court order. Upon such a showing the defendant has the burden of production, of going forward with evidence of his inability to comply. The burden of persuasion, however, remains with the plaintiff.

*Mitchell v. Flynn,* 478 A.2d 1133, 1135 (Me. 1984) (citations omitted).

■ The record before us reflects that Judith established that Edward has failed to comply with a valid court order, the 1988 divorce judgment. At the beginning of the hearing the parties stipulated that the amount of child support in arrearage was in excess of $30,000. Judith testified that at the time of the couple's divorce, Edward was earning approximately $40,000 per year, that he continued to work for the same company and that he had received a promotion since the divorce. Judith further testified that after the divorce Edward was able to pay child support for the ensuing years. According to Judith's testimony, Edward stopped paying child support in 1990 and since that time had taken vacations in Mexico and New Jersey. Edward did not attend the contempt hearing and his attorney presented no evidence that Edward did not have the ability to make child support payments.

■ Although the record supports the trial court's finding that Edward has failed to abide by the 1988 divorce judgment, there is insufficient evidence in the record that Edward had the present ability to pay $35,-213.96.[6] The commitment order states in pertinent part:

Accordingly, the Defendant is held in civil contempt of this Court and is ordered committed forthwith to the Franklin County Jail, for a term not to exceed sixty days

---

**6.** The docket does not reflect that Judith undertook any discovery to establish Edward's current  ability to pay the support arrearage.

WITH THE RIGHT TO PURGE HIM-SELF OF SAID CONTEMPT AND GAIN HIS RELEASE FROM JAIL by paying to the Plaintiff or her attorney . . . the sum of $35,213.96. In lieu of said payment, the Defendant shall remain so committed until same is paid and shall have the continuing opportunity to purge himself of said contempt and gain his immediate release through said payment in full at any time during his continued incarceration.

Because we find insufficient evidence in the record to support the trial court's finding that Edward had the present ability to pay $35,213.96, we must conclude that this finding is clearly erroneous. Accordingly, we vacate the commitment order.

### III. Misrepresentation of Paternity

█ Edward contends that the trial court abused its discretion in requiring him to appear in Maine for a deposition and in dismissing his complaint for misrepresentation of paternity when he failed to comply with this discovery order. Because the case before us presents some unique circumstances that taint the court's exercise of discretion, we vacate the order of dismissal.

█ We review a trial court's dismissal of a complaint pursuant to M.R.Civ.P. 37 for abuse of discretion. *Hatch v. Maine Tank Co., Inc.,* 666 A.2d 90, 93 (Me.1995). Rule 37(b)(2) allows a court in which an action is pending to sanction a party who fails to obey an order to provide or permit discovery. The rule specifically allows the court to issue "[a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." M.R.Civ.P. 37(b)(2)(C).

The record reflects that during the hearing on the discovery dispute between the parties, Edward's attorney presented an oral motion to allow Edward's deposition to be taken in New Hampshire due to the outstanding contempt order in CV–95–57.[7] When the Superior Court (Franklin County, *Perkins, J.*) ordered Judith and Edward to make themselves available for a deposition in Farmington within thirty days of the order, Edward filed a motion to reconsider the discovery order on the ground that Judith's attorney threatened to have the sheriff waiting for him when he concluded his deposition and threatened to have him committed to the Franklin County Jail for sixty days pursuant to the contempt order in CV–95–57. Edward's motion to reconsider requested the court to extend the time within which the parties must present themselves for depositions until thirty days after the court ruled on a pending motion in CV–95–57 for a stay of execution of the contempt order. The Superior Court (Franklin County, *Perkins, J.*) denied Edward's motion without comment.

When Edward failed to appear in Farmington for a deposition, Judith filed a motion for sanctions pursuant to M.R.Civ.P. 37(b)(2)(C). Thereafter, on the same day that the District Court's civil contempt judgment was affirmed, the Superior Court (Franklin County, *Alexander, J.*) dismissed Edward's action for failure to appear in Farmington for his deposition.

The court apparently decided that Edward's concern about an unlawful order of commitment did not justify his noncompliance with the discovery order. Had the court recognized that Edward was threatened with commitment on an unlawful order, it may have exercised discretion in a different manner. Accordingly, we vacate the dismissal of CV–95–79 and remand for reconsideration in view of our decision in CV–95–57.

Edward's remaining contentions do not merit discussion.

The entry is:

In CV–95–79, judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein. In CV–95–57, judgment vacated. Remanded with instruction to vacate the order of commitment entered in Docket No. 87–DV–116 and for further proceedings consistent with the opinion herein.

All concurring.

█

---

7.  Edward did not attend the hearing.