1997 ME 38

**James G. SARGENT**

v.

**J. Carolyn SARGENT.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1996.
Decided March 12, 1997.

---

Graydon G. Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Dana E. Prescott (orally), Neil D. Jamieson, Jr., Potter, Prescott, Jamieson & Nelson, P.A., Saco, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] Carolyn Sargent appeals from the judgment entered in the Superior Court (Penobscot County, *Marsano, J.*) affirming the judgment of the District Court (Newport, *Russell, J.*) denying her motion to set aside her 1989 divorce judgment. We affirm the judgment.

*Background*

[¶ 2] Carolyn and James Sargent were married in 1978 and divorced in 1989. The present appeal marks the third time we have been asked to review judgments arising out of that divorce. In the first action, Carolyn sued James, alleging that he fraudulently induced her to enter a separation agreement by misrepresenting the size of the marital estate. We vacated the judgment dismissing Carolyn's complaint and remanded for further proceedings. *Sargent v. Sargent,* 622 A.2d 721 (Me.1993). We later affirmed the entry of a summary judgment in favor of James in that action. *Sargent v. Sargent,* 677 A.2d 528 (Me.1996). During the pendency of that lawsuit, Carolyn filed a motion

for relief from judgment pursuant to M.R.Civ.P. 60(b), seeking to set aside the 1989 divorce judgment. The District Court granted James's motion for a judgment on the pleadings. The Superior Court affirmed the District Court's judgment, and Carolyn filed this appeal.

## Discussion

[¶ 3] When the Superior Court acts as an intermediate appellate court, we review the record before the District Court directly to determine if there was any error of law that affected the validity of the judgment. *Page v. Page,* 671 A.2d 956, 957 (Me.1996). "Issues arising out of a divorce action, such as property division [and] alimony ... are within the court's sound discretion, and the judgment of the court on such matters is entitled to substantial deference." *Knight v. Knight,* 680 A.2d 1035, 1037 (Me.1996) (citing *Shirley v. Shirley,* 482 A.2d 845, 847–8 (Me.1984)).

[¶ 4] As an initial matter, we address Carolyn's contention that the court should not have granted James's motion for a judgment on the pleadings because of our statement in *Kolmosky v. Kolmosky,* 631 A.2d 419, 421 (Me.1993), that the use of the Rule 56 summary judgment procedure in a Rule 60(b) proceeding might "caus[e] rather than prevent[ ] delay." Carolyn argues that James's motion for a judgment on the pleadings pursuant to M.R.Civ.P. 12(c) caused delay and deprived her of an opportunity to present evidence in support of her claim at a testimonial hearing.

[¶ 5] Our holding in *Kolmosky* does not establish a rule that a judgment as a matter of law is inappropriate on a Rule 60(b) motion. To the contrary, we said in *Kolmosky* that "[i]n most cases, Rule 60(b) motions are decided on the basis of affidavits and other documentary evidence usually without the necessity of a lengthy evidentiary hearing." 631 A.2d at 421. Since *Kolmosky* was "ready, or nearly so, for decision on the *merits* of the Rule 60(b) motion," we concluded that the court's decision to resolve the case on a motion for a summary judgment turned the motion "into a two step process, causing rather than preventing delay." *Id.* (emphasis in the original). In the instant

matter, the court had before it the pleadings of both parties and determined that James was entitled to a judgment as a matter of law. That procedure was an appropriate means of resolving the 60(b) motion.

[¶ 6] Carolyn offers four alternative grounds in support of her argument that the court should have set aside the 1989 divorce judgment. First, she argues that the District Court failed to hold the testimonial hearing required by M.R.Civ.P. 80(f) before entering its judgment in the 1989 divorce. Second, she contends that James's failure to file a Rule 80(n) list is a ground for setting aside the divorce judgment. Third, she argues that the divorce judgment did not dispose of all marital property and that property not divided by the divorce judgment is held by her and James as tenants in common. Fourth, she contends that she is entitled to relief from the divorce judgment pursuant to M.R.Civ.P. 60(b)(6). We disagree with each of these contentions.

## Testimonial Hearing

[¶ 7] M.R.Civ.P. 80(f) provides that "[n]o judgment, other than a dismissal for want of prosecution, shall be entered in an action under this rule except after hearing, which may be ex parte if the defendant does not appear." The court found that Carolyn's contention that there was no hearing prior to the entry of the 1989 divorce judgment reflected "rank speculation." As noted by the court, the record is replete with evidence that a hearing was held in the original divorce, including the deposition of the presiding judge and the divorce decree, which indicates that a hearing was held.

## The Rule 80(n) Property List

[¶ 8] Carolyn contends that James's failure to submit a Rule 80(n) property list entitled her to an evidentiary hearing. Rule 80(n), abrogated in 1992 but in effect at the time of the divorce judgment, provided that "[t]hree days before hearing on the merits, the parties shall file, individually or jointly, a list indicating separately all marital and nonmarital property to be divided or set aside by the court and indicating which property is in

dispute." Carolyn contends that a Rule 80(n) list would have revealed that James failed to disclose over $10,000,000 in assets.

[¶ 9] As the party seeking relief from the divorce judgment, Carolyn had "the burden of convincing the court that the divorce judgment should be set aside." *Kolmosky v. Kolmosky*, 631 A.2d 419, 421 (Me. 1993). The court found that the lack of an 80(n) list, intended to assist "parties and the court by focusing property issues and enhancing settlements," did not justify setting aside the divorce judgment. Carolyn could have sought an order directing James to file an 80(n) list, which she did not do. Furthermore, Carolyn advised her attorney during the divorce proceedings that she did not believe James was revealing the true amount of his assets. *Sargent v. Sargent*, 677 A.2d 528, 530 (Me.1996). Carolyn accepted the terms of the divorce settlement "knowing that the property she received comprised only a small portion of her husband's wealth." *Id.* Carolyn's present collateral attack on the divorce judgment based on James's failure to file a Rule 80(n) list is an insufficient ground for setting aside that judgment.

### 19 M.R.S.A. § 722–A(6)

[¶ 10] Carolyn contends that the provisions of 19 M.R.S.A. § 722–A(6) (Supp. 1996) apply to her divorce judgment.[1] Section 722–A(6) provides that property omitted from a divorce judgment is deemed held by both parties as tenants in common. Section 722–A(6) became law on September 30, 1989. P.L.1989, c. 150. Because the court granted a valid divorce judgment on August 23, 1989, and that judgment became final when the appeal period lapsed 30 days later, 19 M.R.S.A. § 722–A(6) does not apply to the judgment. We have previously stated that, prior to the enactment of section 722–A(6), "legal title to property remains unaffected by a divorce judgment that failed to set it apart." *Salenius v. Salenius*, 654 A.2d 426, 429 (Me.1995) (citing *Weber v. Allen*, 574 A.2d 1362, 1364 (Me.1990)).

### *Relief from Judgment Pursuant to M.R.Civ.P. 60(b)*

[¶ 11] In pursuing a Rule 60(b)[2] motion, the moving party must "state with particularity the grounds on which he seeks relief and the statute or rule invoked ... in order that the presiding judge and adverse party may be adequately apprised of the facts and the pertinent provisions of law on which the claim for relief is based." *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me.1982). We review the denial of a motion for relief from a judgment pursuant to Rule 60(b) for an abuse of discretion. *McKinley v. McKinley*, 651 A.2d 821, 823 (Me.1994).

[¶ 12] Although Carolyn sought relief pursuant to Rule 60(b)(6), the court held that Carolyn's claim for relief fell squarely within the provisions of Rule 60(b)(3), which covers "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." A claim pursuant to Rule 60(b)(3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Rule 60(b)(6) claims "shall be made within a reasonable time." *Id.* Rules 60(b)(3) and 60(b)(6) are distinct in their

---

1. Section 722–A(6) provides:
   If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, which may be made at any time, the court may set aside or divide the omitted property between the parties, as justice may require.

2. M.R.Civ.P. 60(b) provides:
   (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

purview: "Relief from judgment may be granted under subsection 3 for fraud, misrepresentation, or misconduct of the adverse party, and under subsection 6 for any other reason justifying relief from the operation of the judgment." *Merrill v. Merrill,* 449 A.2d 1120, 1125 (Me.1982).

[¶ 13] Carolyn's complaint clearly alleged "fraud, misrepresentation, or misconduct" by James. The trial court's determination that Carolyn's complaint fell within Rule 60(b)(3) rather than Rule 60(b)(6) was within the discretion of the court. We have stated previously that "the catch-all clause of 60(b)(6) must be applied in the exercise of sound judicial discretion." *Meiners v. Aetna Casualty & Surety Co.,* 663 A.2d 6, 8 (Me. 1995) (citing *Reville v. Reville,* 370 A.2d 249, 253 (Me.1977)). Carolyn's divorce judgment became final in 1989. She did not file her motion pursuant to Rule 60(b) until 1992. Her 60(b)(3) claims were untimely.

[¶ 14] The remainder of Carolyn's contentions were properly dismissed by the court because they failed to state a cognizable claim for relief pursuant to Rule 60(b).

The entry is:

Judgment affirmed.

