STATE OF MAINE
HANCOCK, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-01-001

PATRICK IRVING,

Plaintiff

v.

ORDER ON PLAINTIFF'S
MOTION FOR CONTEMPT

PHYLLIS BROWN,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

NOV 19 2002

The 2/28/02 decision in this partition action provides, in part:

> Based on the above computations and findings, the court concludes that the house which shall include the stove and refrigerator shall be set aside to plaintiff upon the following conditions. The plaintiff shall pay the defendant the sum of $3680.00 within sixty days as her share of the real estate.

It was undisputed at the 10/8/02 hearing on the plaintiff's motion for contempt that the defendant had not yet vacated the house.

Since March, 2002, Officer Findlay from the Bucksport Police Department has, at the request of the plaintiff's wife, conversed with the defendant about her leaving the house. In July, 2002, after the defendant's appeal of the 2/28/02 decision was dismissed by the Law Court, the sum of $3680.00 was tendered by the plaintiff to the defendant through their attorneys. See Pl.'s Exs. 1-2. In August, 2002, the plaintiff, through Officer Findlay, advised the defendant that the $3680.00 was available.

The defendant argues that she never saw the checks, that the 2/28/02 decision did not include a specific date by which she was required to leave the house, and that the plaintiff did not give her sufficient time to move after the money was tendered. These arguments are without merit. A reasonable reading of the 2/28/02 decision

1

provides that the defendant was required to vacate the premises when the plaintiff tendered the amount due. In July, when the money was formally tendered by plaintiff's attorney, the defendant refused to leave and required 60 days to move; that 60-day period expired last month. In early August, 2002, the defendant told the Bucksport police officer that she would not accept the money from the plaintiff because she could not vacate the house as quickly as the plaintiff desired. By that time, the plaintiff's request for immediate possession of the house was reasonable.

The defendant has lived in the house without paying rent since the 2/28/02 decision. The decision includes a finding that $400.00 per month is reasonable rent for the house. The defendant's expenses for utilities and heat would have been incurred by her in any location and did not in any way, on this record, benefit the plaintiff. The court does not accept her testimony that she paid insurance.

The court has taken judicial notice of the Law Court docket sheet in HAN-02-190, which outlines the defendant's appeal of the 2/28/02 decision and the dismissal of that appeal for lack of prosecution.[1] The court has considered the defendant's demeanor and her testimony, which the court rejects as not credible.

It is clear that the court's decision of 2/28/02, which issued after a contested hearing, meant nothing to the defendant. Her actions since 2/28/02 have been intended to delay the plaintiff's acquisition of the house. No credible reason has been offered for the defendant's refusal to comply with the terms of the court's decision.

The defendant is in contempt of the terms of the court's decision dated 2/28/02 based on her failure to vacate the house after the tender of the amount due. The

---

[1]On the day of the hearing on the plaintiff's motion for contempt, the defendant filed a motion for relief from judgment.

2

defendant had the ability to comply with the terms of the court's decision and refused to comply. See Zink v. Zink, 687 A.2d 229, 232 (Me. 1996).

The defendant is sentenced to 5 days in the Hancock County Jail. Sentence is stayed until 10/18/02 at 5:00 p.m. to give the defendant an opportunity to purge her contempt by doing the following:

1. By 10/18/02 at 12:00 p.m., the defendant will vacate the house and real estate that was the subject of the court order dated 2/28/02; all of her personal property will be taken with her at that time;

2. The defendant will pay to the plaintiff the sum of $1200.00, which is rent of $400.00 per month from 7/17/02 through 10/17/02;

3. The defendant will pay to the plaintiff the sum of $504.00 as attorney fees and $106.15 as costs incurred in bringing this motion for contempt;

4. After deducting the amounts due to the plaintiff from the defendant, the plaintiff owes the defendant $1869.85 from the original amount of $3680.00 ordered in the 2/28/02 decision. The plaintiff will give a certified check for this amount to his attorney by 10/17/02. His attorney will forward the check to the defendant's attorney immediately upon notice that the defendant has left the residence.

The attorney for the plaintiff will immediately inform the Hancock County Superior Court clerk's office if the defendant has not vacated the house by 12:00 p.m. on 10/18/02.

The clerk is directed to incorporate this order into the docket by reference.

Date: October 11, 2002

Nancy Mills
Justice, Superior Court

FILED &
ENTERED

OCT ⸱ 5 2002

SUPERIOR COURT
HANCOCK COUNTY

3