Bucknam *v.* Thompson.

---

BUCKNAM *versus* THOMPSON. ·

By R. S., c. 146, § 28, it is provided "if after any cause of action shall have accrued, and the person against whom it shall have accrued, shall be absent from, *and reside without the State*, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

A residence without the State, within the meaning of this section, has reference *only* to an *established* residence or *home.*

If a debtor, at the time a cause of action accrues against him, has a *home* in this State, it remains such, though he is absent for particular purposes, while he retains the intention to return.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT on two promissory notes. The general issue and statute of limitations were pleaded.

The defendant was a sub-contractor on railroads, and after giving the notes went to Massachusetts and continued to reside there several months with his wife, and from thence he removed into the State of Vermont, and with his wife resided there many months. He lived at board while out of the State, and when his contracts were performed, he returned to this State.

Before he left this State, he had a room in the house of his wife's father furnished, where he kept house, and his wife continued to occupy that room and furniture a part of the time while her husband was in other States, and when absent that room was retained.

The jury were instructed, that the phrase in the statute

" and reside without the State" had reference to an estab-
lished residence or home without the State; that the terms
established residence and home, were used to communicate
the same idea.    What constituted a home was explained to
the jury.

The verdict was for defendant and plaintiff excepted.

*Ingalls,* in support of the exceptions.

1. The only question under the statute, § 28 of c. 146, is
one of *absence* and residence beyond the State.    *White* v.
*Bailey,* 3 Mass. 273; *Dwight* v. *Clark,* 7 Mass. 515.

2. If the debtor is absent from the State, has no resi-
dence here where a summons could be left, and resides out
of the State, it is not material when, or in what manner, it
comes within the meaning of the statute.

3. The term established means " set" " fixed firmly," &c.
The jury could not have found such a residence, and still the
defendant might have such a residence as the statute con-
templates.

*Gould, contra.*

TENNEY, J. — The jury were instructed, that the phrase
" and reside without the State" had reference to an estab-
lished residence or home without the State; that the terms
established residence and home were used to communicate
the same idea.

In order to suspend the operation of the statute of lim-
itations, after the cause of action has accrued, and the stat-
ute has begun to run, the person, who sets it up in defence,
must not only be absent from, but reside without the State.
c. 146, § 28.    This language is similar to that used in c.
32, § 1, under the 6th head, providing that any person of
the age of twenty-one years who shall hereafter " reside
in any town" within this State for the term of five years
together, &c., shall thereby gain a settlement in such town.

The term " reside in any town" has received the judicial
construction of this Court and others, which fully sustains
the instructions given to the jury.    *Green* v. *Windham,* 13
Maine, 225;    *Wayne* v. *Green,* 21 Maine, 357.

It was obviously the intention of the Legislature to give to the creditor six full years and no more in which to bring his action for the recovery of a debt on simple contract, unless the evidence of debt be a witnessed note. And so long as the debtor has such a residence in the State as to make him subject to the jurisdiction of its Courts, the statute would continue to run.

If he had such a residence when the cause of action first accrued as constituted a home, it would remain such, notwithstanding his absences for special purposes and for periods which were definite as to time or purpose so long as there should remain the intention to return.

*Judgment on the verdict.*

RICE, APPLETON and CUTTING J. J., concurred.