**Irene N. PATTEN**

v.

**Robert E. MILAM.**

Supreme Judicial Court of Maine.

Argued Sept. 20, 1983.

Decided Dec. 12, 1983.

Silsby & Silsby, Sandra Hylander Collier (orally), Leigh Ingalls, William S. Silsby, Jr., Ellsworth, for plaintiff.

Gross, Minsky, Mogul & Singal, George Z. Singal (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Irene Patten obtained judgment in the Superior Court (Hancock County) as a result of a jury verdict finding defendant Robert E. Milam liable for medical malpractice. Defendant appeals, arguing that the Superior Court wrongfully denied his motion to dismiss the complaint on the ground of the statute of limitations.[1] Further, he contends that the action is barred by plaintiff's failure to serve the written notice of claim required by 24 M.R.S.A.

1. 14 M.R.S.A. § 753 (1980) provides that "[a]ctions for ... malpractice of physicians ... shall be commenced within 2 years after the cause of action accrues."

§ 2903 (Supp.1982–1983) and that the presiding justice erred in denying his motion for a directed verdict on the issues of negligence and proximate causation. We conclude that the Superior Court failed to adjudicate the statute of limitations defense. We retain jurisdiction and defer decision on the appeal. We remand for further hearing.

Defendant, a licensed physician practicing in Ellsworth, Maine, treated plaintiff for a dislocated toe on the ninth and twentieth of September, 1977. Plaintiff contended at trial that defendant's failure to maintain sterile conditions during treatment caused her to contract an infection which resulted in the amputation of her toe on November 3, 1977. Plaintiff concedes that she did not serve a notice of claim on defendant, and the docket of the Superior Court reveals that the action was commenced by the filing of a complaint on February 14, 1980—nearly two years and five months after the cause of action accrued.

Defendant first moved to dismiss the complaint as barred by the statute of limitations and requested a non-testimonial hearing. Plaintiff's counsel, on the date of hearing, filed an affidavit in opposition to the motion in which he stated: that he had engaged in negotiations with defendant's insurer through January of 1978; that defendant left the state in December of 1978 although his family remained; and that in January of 1980 he learned that defendant "was then residing in Denton, Texas." The motion justice denied defendant's motion to dismiss without explanation. Defendant next filed an answer to the complaint, including the statute of limitations as an affirmative defense. The pretrial memorandum filed by the defendant and the pretrial order of the court identified the statute of limitations as one of the issues presented.

A conference with the presiding justice was held on the morning of trial. At that time defense counsel requested an opportunity to present evidence to the court concerning defendant's physical location and residence during the two year period following the alleged act of malpractice. He offered to prove that defendant did not leave Maine until January of 1979, and that his family continued to reside in Maine until they joined him in Texas in September of 1979. Defense counsel attempted to persuade the trial justice that the earlier ruling on the motion involved an erroneous application of the tolling provision of 14 M.R.S.A. § 866 (1980) and that it was within the power of the trial justice to correct that ruling. Counsel for plaintiff argued that the earlier ruling was binding on the trial justice as the law of the case. The court took the matter under advisement and proceeded to trial. No evidence was presented on the issue of tolling, and at the conclusion of trial the court announced that evidence would not be received and that the renewed motion to dismiss was denied because it had "been previously argued and ruled on by the court and is the law of the case." The issues of liability and damages were submitted to the jury and a verdict was returned in favor of the plaintiff.

On appeal defendant challenges the original denial of his motion to dismiss and asserts that the motion justice erroneously concluded that the statute of limitations was tolled by defendant's absence from the state. Plaintiff responds in kind and contends that the motion justice correctly ruled that the statute was tolled by defendant's absence from Maine and his residence in Texas.

Both parties misconceive the procedural effect of the original order of the court. The motion justice did not rule on the merits of the defense and, therefore, it remains unadjudicated. His denial of the motion reflects a finding that there are genuine issues of material fact relating to the defense and that neither party is entitled to prevail as a matter of law. The statute of limitations, an affirmative defense under M.R.Civ.P. 8(c), may be raised by motion to dismiss if the facts appear on the face of the summons and complaint. Defendant's motion asserted such a facial challenge to

the timeliness of plaintiff's complaint. Plaintiff, choosing to litigate the issue of tolling, responded by presenting facts which do not appear in the complaint. The presentation of "matters outside the pleading" results in the motion being treated as one for summary judgment, to be disposed of in accordance with M.R.Civ.P. 56.[2] *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.12 at 250 (2d ed. 1970). When the motion is thus viewed, it is apparent that the denial did not adjudicate the issue of tolling. That issue was left for trial and remains unresolved on the present record.

Even if we were to assume that plaintiff is correct in her assertion that the motion justice acted on the merits in her favor, the ruling would not stand. The tolling provision of 14 M.R.S.A. § 866 provides in relevant part:

If a person is *absent from* and *resides out of the State,* after a cause of action has accrued against him, the time of his absence from the State shall not be taken as a part of the time limited for the commencement of the action. (Emphasis added).

We have previously held that mere absence is not sufficient and that it must be accompanied by the establishment of a residence outside of the state. *Bucknam v. Thompson,* 38 Me. 171, 172 (1854); *Drew v. Drew,* 37 Me. 389, 393 (1854). In *Connolly, Administratrix v. Serunian,* 138 Me. 80, 84, 21 A.2d 830, 832 (1941) the requirements for tolling are stated as follows:

[T]he absence of the debtor must be more than a transient departure from his home on business or pleasure and a temporary sojourn out of the state. As used in this statute, the word 'residence' is synonymous with 'dwelling place' or 'home'; such a residence must be in one place. The debtor cannot have a residence out of the state that will interrupt the running of the statute and at the same time have an established residence or home within the state.

As in *Connolly,* the inquiry in the present case is whether defendant established a residence during his absence. The affidavit submitted by plaintiff establishes that defendant was absent from the state, but it contains no more than a suggestion that defendant may have established a residence outside of the state within the two year period. The affidavit fails to establish the required factual foundation for application of the tolling provision.

We hold that the denial of defendant's motion to dismiss resulted only in a ruling that genuine issues of material fact remain for trial and that neither party is entitled to prevail on the issue of tolling as a matter of law. In the rather unusual procedural posture of this case, we must determine the means to adjudicate the unresolved facts. It is important to note that defendant did not request that the matter be submitted to the jury. At the beginning of the trial he attempted to renew his motion to dismiss and to present evidence to the court. Under these circumstances we remand for hearing before a Superior Court justice. After the Superior Court has received evidence relating to the issue of tolling and entered a ruling thereon, the record before

---

**2.** We note that the record does not demonstrate compliance with the requirement of M.R. Civ.P. 12(b) that defendant "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The import of this requirement has been described as follows:

This language imposes special obligations upon the moving party and the court to ensure that all parties are notified that summary judgment is either requested by the moving party or contemplated by the court to avoid unfair surprise and to permit a 'reasonable opportunity' for the submission of affidavits or other material in opposition to the motion. The Law Court has followed federal practice in holding that this 'reasonable opportunity' provided by Rule 12(b) includes the ten days' notice to the parties required by Rule 56(c). If the record does not show either that the appropriate notice was given or that the parties were aware that the motion to dismiss was being treated as a motion for summary judgment, the grant of summary judgment will be reversed. [Footnotes omitted].

1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.13 at 121 (2d ed. Supp.1981).

this Court shall be supplemented by including the record of those proceedings and the ruling of the court. This Court's decision on the appeal will be deferred pending completion of the additional record.

The entry must be:

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.