## BOARD OF OVERSEERS OF THE BAR

v.

## James M. DINEEN.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1985.

Decided Nov. 4, 1985.

J. Scott Davis (orally), Bd. of Overseers of the Bar, Augusta, for plaintiff.

James J. Fitzpatrick (orally), York, James M. Dineen, Kittery, for defendant.

Before NICHOLS, VIOLETTE, and SCOLNIK, JJ., and WERNICK, A.R.J.

VIOLETTE, Justice.

James Martin Dineen appeals from a decision and order of a single justice of the Supreme Judicial Court finding that he had violated several provisions of the Maine Bar Rules and, as a sanction, ordering his suspension as an attorney from the practice of law in all courts of the state for a period of six months. Appellant contends on appeal that the single justice erred in each of his several findings of violation of the Maine Bar Rules. We affirm.

I.

The charges against Mr. Dineen first arose as the result of legal services he

---

rendered to a husband and wife in 1982. The testimony indicated that, prior to their marriage, the husband had been a regular client of appellant since the mid 1970s and that he had also rendered legal services to the wife. In the spring of 1982, the husband approached Mr. Dineen and explained that he and his wife were considering getting a divorce. The husband mentioned the possibility of the appellant handling the divorce for both parties, thus eliminating the necessity of hiring two attorneys. Mr. Dineen told the husband that he could only handle the matter if the couple prepared a full agreement of their mutual understanding concerning the issues and terms of the divorce.

In July, 1982 the wife was charged on a civil complaint for operating a motor vehicle while under the influence of alcohol. (OUI). The husband retained Mr. Dineen as counsel for his wife and agreed to pay the legal fees. The OUI matter was tried on September 20, 1982. In preparation for the appellant's defense of the wife, the wife did not inform the appellant that she had a serious problem with alcohol abuse. At a time proximate to the pendency of the OUI trial, the husband and wife met with Mr. Dineen at his office to discuss their divorce settlement agreement. Mr. Dineen informed the parties that if any divorce issue remained in dispute, he could not continue to handle the matter. There is testimony by both the husband and wife, however, that Mr. Dineen, in fact, helped the parties work out some of the disputed terms of their agreement. He also explained to them the concept of division of marital property under Maine Law but did so in a manner that favored the husband. Mr. Dineen also explained to the wife that if she wanted to retain another lawyer she could do so. From this meeting the wife was under the distinct impression that Mr. Dineen was representing both her husband and herself in this "no fault divorce." The wife went to the appellant's office one additional time for the purpose of being served, as defendant, with the divorce complaint. The complaint was signed by the husband as plaintiff and Mr. Dineen signed it as attorney for the plaintiff. The complaint alleged that the divorce was based on irreconcilable differences having "arisen between the parties which have caused the irremediable breakdown of the marriage."

In October, 1982, the wife admitted herself into the Seton Unit, Mid-Maine Medical Center in Waterville (Seton) for substance abuse rehabilitation. On December 14th, 1982, the husband brought a written divorce agreement prepared by the appellant to Seton for the wife to sign. She noticed that certain terms in the agreement had changed since the meeting between the appellant, her husband and herself: (1) the amount recited for the husband's child support payments was lower than that to which they had agreed, and (2) there was an added clause that allowed the husband to claim tax exemptions for their two minor children. The wife testified that, at this point, she formulated the opinion that she had been misled by the appellant's explanation of what constituted "marital property." She signed the agreement in spite of her misgivings about some of its terms.

On December 22, the wife called Mr. Dineen and explained that she was at Seton undergoing treatment for alcohol abuse and that she was not ready to be released. She requested that the appellant seek a continuance of the divorce trial date so she could retain separate counsel and contest the divorce. The appellant agreed to do so.

On January 28th, 1983, after another attorney had filed an appearance on behalf of the wife, Mr. Dineen filed an amended divorce complaint on behalf of the husband. The amendment added an allegation that the wife was guilty of cruel and abusive treatment and "of gross and confirmed habits of intoxication from the use of liquor." On February 1st, 1983, the wife filed a motion to compel Mr. Dineen to withdraw from representing the husband. The grounds for the motion were based on: 1) Mr. Dineen's improper representation of both the husband and wife in the pending

divorce action and, 2) the fact that the amended complaint improperly put into issue the wife's alcohol abuse at a time subsequent to appellant's representation of the wife on the OUI charge.

On February 3rd, 1983, Mr. Dineen, on behalf of the husband, was before the District Court, Kittery, moving ex parte for temporary custody of the minor children. The grounds included allegations concerning the wife's unfitness to care for her children because of her alcohol abuse. Before hearing the ex parte motion, the District Court judge became aware of the motion to compel Mr. Dineen's withdrawal. In chambers, the judge warned Mr. Dineen that his conduct was susceptible to charges of violation of the bar rules and suggested that he seriously consider withdrawing voluntarily from the case. The appellant disregarded the warning and continued to represent the husband.

A full hearing on the motion to compel withdrawal of Mr. Dineen was held on March 17, 1983. The District Court found that Mr. Dineen had violated the following Maine Bar Rules: Rule 3.4(b) (conflict of interest); Rule 3.4(c) (multiple employment); Rule 3.4(e) (protection of the interests of a former client); Rule 3.6(*l*)(1) (preserving secrets of a client); and Rule 3.6(m) (avoiding misreliance on a lawyer's opinion by one other than a client). The District Court ordered the appellant to cease representation of either party relative to the divorce action.

In June, 1983 Bar counsel for the Board of Overseers of the Bar filed a petition with the Grievance Commission of the Maine Bar, pursuant to M. Bar R. 7(e)(2), charging the appellant with misconduct. After hearing, the Commission found that appellant's conduct was in violation of Bar Rules 3.4(a) and (b). The Commission recommended that an information be filed with the Supreme Judicial Court to investigate the matter and that, if the Court determined that violation of the Bar Rules

had occurred, the appellant be sanctioned. Counsel for the Board of Overseers of the Bar proceeded to file an Information charging the appellant with violations of Maine Bar Rules 3.4(a), (b), (e), 3.6(*l*)(1) and 3.5(b)(2)(ii). After a full evidentiary hearing before a single justice of the Supreme Judicial Court, Mr. Dineen was found in violation of the Maine Bar Rules hereinafter set forth and, as a sanction, was suspended for six months from the practice of law in this State.

## II.

■ In attorney disciplinary proceedings, the function of the Law Court is to review inferences drawn by the single justice from the evidence presented at hearing, and to uphold his findings unless they are clearly erroneous. *Board of Overseers of the Bar v. Dineen*, 481 A.2d 499, 502 (Me.1984). The single justice found that Mr. Dineen's conduct violated the Maine Bar Rules in three areas: (1) acceptance of employment, (2) conduct during employment and, (3) withdrawal from employment. Specifically, the single justice found violations of Maine Bar Rules 3.4(a), (b), (c), (d) and (e); 3.6(*l*)(1) and (m) and 3.5(b)(2)(ii).[1]

■ At the outset, the single justice determined that an attorney-client relationship was established between Mr. Dineen and the wife, and that Mr. Dineen gave the wife legal advice pursuant to that relationship. Mr. Dineen denies the existence of such a relationship and asserts that there is no evidence in the record that the wife relied upon his legal advice on matters pertinent to the divorce. The term "client" includes one who is either "rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him." M.R.Evid. 502(a)(1). Moreover, "[a]n attorney-client relationship does not require the payment of a fee or formal retainer but

---

**1.** We do not address the single justice's finding that the appellant violated M.Bar R. 3.4(c), because the appellant did not challenge the finding on appeal.

may be implied from the conduct of the parties." *See Matter of McGlothlen,* 663 P.2d 1330, 1334 (Wash.1983). The record supports the single justice's finding that the wife reasonably believed she had consulted the appellant and relied upon his advice with respect to the early divorce process. Furthermore the wife's expressed belief that an attorney-client relationship existed was heightened by the fact of the appellant's contemporaneous representation of her during the OUI proceedings. *Id.*[2]

### III.

Turning now to the first broad area of violation, regarding acceptance of employment, the single justice found that Mr. Dineen's conduct violated Rule 3.4(a), which provides:

**(a) Disclosure of Interest.** Before accepting any professional employment a lawyer shall disclose to the prospective client his relationship, if any, with the adverse party; his interest, if any, in the subject matter of the employment; all the circumstances regarding his relationship to the parties; and any interest or connection with the matter at hand that a lawyer knows or reasonably should know would influence the client in the selection of a lawyer.

M.Bar R. 3.4(a).

The appellant asserts that the wife was aware of the long standing relationship between the appellant and her husband, and such awareness made disclosure unnecessary. We find that the record supports the single justice's finding that the appellant failed to adequately disclose to the wife *the exact nature* of his relationship to the hus-

band, who was a party adverse to the wife. Further, he failed to disclose the circumstances regarding his relationship to the parties. The evidence reveals that the appellant initially informed the parties that he could "only get involved in this" matter if they came to a full understanding on the terms of the divorce prior to meeting with him. The evidence supports the conclusion of the single justice that in the event of a disagreement, the appellant, if necessary, would be acting with the intent of furthering the husband's interests at the expense of the wife's. Certainly, the events that occurred in early 1983, namely the amendment of the complaint, the filing of an ex parte motion for temporary custody and the failure to withdraw, fully bear out such intent on his part. Moreover, it is clear that Mr. Dineen should have known that proper disclosure of the exact nature of his relationship with the husband would have an influence on the wife's decision to retain her own counsel, as she subsequently did.

The single justice next found a violation of Rule 3.4(b). That rule states:

**(b) Conflict of Interest.** A lawyer shall not accept employment if the exercise of his independent professional judgment in behalf of a client will be, or is likely to be, adversely affected by the acceptance of such employment, or if it would be likely to involve him in representing differing interests, except to the extent such employment is permitted by subdivision (d) of this rule.

M.Bar R. 3.4(b).

Mr. Dineen contends that he was not consulted as a lawyer in the divorce matter, but rather, fulfilled the function of a

**2.** Assuming *arguendo,* as did the single justice, that an attorney-client relationship was not established, the appellant's conduct would still be in violation of M.Bar R. 3.6(m) which provides: *Avoiding Misreliance.* If a lawyer knows or should know that his advice or opinion may be communicated to a person other than his client, he shall take reasonable steps to prevent that person from believing that the lawyer represents his interests as well as the interests of his client.

By virtue of the meeting that took place between the appellant, the husband and the wife, in which the terms of the divorce were discussed, it is clear that the appellant knew the wife was present and knew that his advice and opinions were being communicated to her. The appellant testified that he did not take any steps to prevent the wife from believing that he did not represent her interests. He stated he did not think he had to do so.

scrivener. Thus, given the nature of this limited role in relation to the parties, nothing existed to warrant a conclusion that he was representing differing interests. The testimony of both the husband and wife conflict with the appellant's characterization of his role. Their testimony shows that, in fact, the appellant gave legal advice to both parties concerning the terms of their divorce settlement agreement and that, ultimately, certain terms of the agreement were changed to favor the husband's interests over the wife's. The record supports the finding by the single justice that by agreeing to undertake representation of both the husband and wife, the appellant violated Rule 3.4(b) because his "judgment was likely to be 'adversely affected by the acceptance of such employment' and was 'likely to involve him in representing differing interests....' " Under the circumstances presented in this case, Mr. Dineen should have perceived the inherent conflict of interest occasioned by his representation of both parties.

It should be noted that Rule 3.4(b) is qualified by Rule 3.4(d), in that representation of differing interests is permitted when:

> it is obvious that he can adequately represent the interests of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each.

M.Bar R. 3.4(d).

The single justice correctly noted that it was not obvious that appellant could adequately represent each client. The appellant did not address this particular finding but did contend that the wife's awareness of his representation of the husband amounted to an acquiescence tantamount to consent. To the contrary, we agree with the single justice that Mr. Dineen "failed to make full disclosure of the effect on his judgment of his multiple representation."

Lastly, we uphold the single justice's finding that appellant violated Rule 3.4(e). That rule provides:

> **(e) Interest of Former Client.** A lawyer shall not accept employment adverse to a former client without that client's informed written consent if such new employment involves the subject matter of the former employment or may involve the use of confidential information obtained through such former employment.

M.Bar R. 3.4(e).

The wife was not only a current client for purposes of the divorce proceedings, but she was also a former client stemming from the OUI representation. Mr. Dineen argues there was no evidence to warrant a finding that he knew of facts which would lead to a violation of Rule 3.4(e). Contrary to this contention, we agree with the single justice's finding that the confidential information the appellant obtained from the wife during the OUI representation could foreseeably be put to use in the divorce action. Thus, the wife's written consent was clearly required before the appellant accepted employment from or continued to represent the husband. By his own admission, Mr. Dineen failed to obtain such consent.

## IV.

We now address the finding by the single justice respecting Mr. Dineen's conduct during representation. Rule 3.6(*l*)(1) provides that:

> (*l*) **Preserving Confidences and Secrets.**
> (1) Except as permitted by these rules or as required by law or by order of court, a lawyer shall not, without the informed written consent of the client, knowingly reveal a confidence or secret of his client; use such a confidence or secret to the disadvantage of his client; or use such confidence or secret to the advantage of himself or a third person.

M.Bar R. 3.6(*l*)(1).

The single justice found that "[w]ithout obtaining the informed consent of the wife,

[appellant] used information he received from her." The use to which appellant put the information is reflected in the amended divorce complaint that charged the wife with "gross and confirmed habits of intoxication from the use of liquor." The critical issue here is whether Mr. Dineen first gained the secret or confidence, regarding the wife's alcohol problem, from the wife or from the husband. Mr. Dineen alleges that the wife did not disclose her alcohol problem to him during the telephone conversation on December 22, 1982; rather, that he learned of her condition from the husband in January, 1983. The single justice found that the appellant first gained this information from the wife in December, 1982, at a time when the wife believed she was still represented by the appellant. Once having gained the information, the appellant then used the secret to the wife's disadvantage and to the advantage of a third party, namely, the husband. Although the record discloses conflicting testimony regarding this issue, after carefully reviewing the evidence, we conclude that the inference drawn by the single justice is adequately supported by competent evidence. We uphold the finding of a violation of Rule 3.6($l$)(1).

### V.

Finally, we address the finding that appellant violated Rule 3.5(b)(2)(ii), which states:

**(b) Mandatory Withdrawal.**

(2) A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment, and a lawyer representing a client in other matters shall withdraw from employment if:

(ii) He knows, or should know, that his continued employment will result in violation of these Rules;

M.Bar.R. 3.5(b)(2)(ii).

Mr. Dineen asserts that nothing in the record indicates that he knew or should have known that his continued employment would result in a violation of any of the Bar Rules. We agree with the single justice that certain events signaled to the appellant that he should have withdrawn. For instance, the fact that the appellant used the wife's secrets after receiving knowledge that she sought severance of [appellant's] connection with the divorce proceedings. A further fact that should have alerted the appellant that withdrawal was necessary was the advice given by the District Court judge that he withdraw from the case. We agree with the single justice that it was "particularly egregious that Mr. Dineen elected to ignore such advice." The finding that appellant violated 3.5(b)(2)(ii) is supported by competent evidence in the record, and therefore, not clearly erroneous.

The entry is:

Judgment affirmed.

All concurring.