## MEDICAL CARE DEVELOPMENT

v.

## The BRYLER CORP. et al.

Supreme Judicial Court of Maine.

Argued March 30, 1995.

Decided May 12, 1995.

Linda A. Monica (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Peter D. Lowe (orally), Brann & Isaacson, Lewiston, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendants, The Bryler Corporation and Pierre Léger, appeal from an order of the Superior Court (Kennebec County, *Chandler, J.*) amending the judgment entered on a jury verdict. Defendants claim that the court exceeded its authority. We disagree and affirm the amended judgment.

Beginning in 1968, defendant Pierre Léger was employed by Medical Care Development (MCD), a Maine corporation that has worked on health care projects in Maine and overseas. Pragma Corporation (Pragma) subcontracted with MCD for Léger's technical assistance on an overseas project involving the Benin Rural Water Supply Project. In 1988 Léger set up The Bryler Corporation ("Bryler") and, in December of that year, informed MCD that he planned to leave and work for Bryler. In February of 1989, MCD and Bryler entered into a technical services contract under which Léger would provide services for particular projects including the Benin Project. The agreement specified that Léger would not seek or accept any other contract relating to MCD's contracts in Benin. Nonetheless, in January 1990, Pragma awarded, and Bryler accepted a technical consulting contract for the Benin Project.

MCD filed a complaint against Bryler and Léger claiming that Bryler had breached the

technical services contract by contracting with Pragma on the Benin Project and that Bryler and Léger had intentionally interfered with MCD's contract with Pragma. Bryler filed a counterclaim asserting that MCD owed it outstanding fees under the technical services contract.

The case was tried before a jury in Superior Court. After the court conferred with counsel, a prepared verdict form was submitted to the jury. The jury found that Bryler breached the technical services contract and awarded MCD damages of $21,581.03. This award is not an issue in this appeal.

Question 3 on the Jury Verdict Form asked:

> Did Pierre Léger *or* The Bryler Corporation interfere with Medical Care Development's existing contract or any of its extensions or any future contractual expectations with the Pragma Corporation for work on the Benin Rural Water Supply and Sanitation or other projects?

(Emphasis added). The jury answered "yes." Question 4 asked the jury to specify "the total amount of damages suffered by Medical Care Development as a result of the interference of Pierre Léger *or* The Bryler Corporation...."[1] (emphasis added). The jury awarded $50,000.00 in damages.

The court entered an "Order on Jury Verdict" stating:

> This action came on for trial before the Court and a jury, the Honorable Bruce Chandler, presiding, and the issues having been duly tried, and the Jury, on September 19, 1992, having rendered a verdict for the Plaintiff, on the complaint, to recover of the Defendant damages in the amount of $71,581.03 and for the Defendant, on the counterclaim, to recover of the Plaintiff damages in the amount of $7,428.02.
>
> It is ORDERED AND ADJUDGED that the Plaintiff recover of the Defendant the sum of $71,581.03, plus interest and costs, on the complaint and the Defendant to recover of the Plaintiff the sum $7,428.02, on the counterclaim.

Defendants appealed, claiming that the trial court had made an incorrect evidentiary ruling and that the jury had been improperly instructed. We affirmed the judgment. *Medical Care Dev. v. Bryler Corp.*, 634 A.2d 1296 (Me.1993).

After discovering that the judgment, as worded, was unenforceable, MCD filed a motion to correct a clerical mistake in the judgment pursuant to M.R.Civ.P. 60(a). MCD argued that the judgment was defective in that it referred to "the Defendant" when there were in fact two defendants. After a hearing, the court issued an order denying the Rule 60(a) motion as "not appropriate because what is involved is actually not a clerical error." The court, however, exercised its authority to correct the entry of judgment because the question contained "improper wording which could not be supported by any evidence in the case." The corrected entry of judgment states:

> Judgment for plaintiff Medical Care Development on its complaint for breach of contract against defendant The Bryler Corporation in the amount of $21,581.03; judgment for plaintiff Medical Care Development on its complaint for interference with contracts of the plaintiff against defendants Pierre Léger and The Bryler Corporation jointly and severally in the amount of $50,000.00; judgment for defendant The Bryler Corporation on its counterclaim against plaintiff Medical Care Development in the amount of $7,428.02.

Defendants then filed a motion pursuant to Rule 52(a) requesting that the court make findings of fact and state separately the conclusions of law which formed the basis for its order. The Superior Court denied this motion and defendants now appeal the corrected judgment.

Defendants argue that the trial court lacked the authority to amend the judgment. We review for an abuse of discretion. We addressed a similar problem of an unadjudicated issue in *Patten v. Milam*, 468 A.2d 620 (Me.1983). The defendant in that case had

---

1. In the instructions to the jury, the court also used the word "or" when discussing the defendants.

moved for dismissal asserting that the complaint was time barred by the statute of limitations. The court denied the motion without ruling on the merits. At the trial of the case, the court treated this previous ruling as law of the case, and refused to allow defendant to present evidence to the court on a statute of limitations defense. The affirmative defense was therefore left unadjudicated. On appeal, we observed that "[i]n the rather unusual procedural posture of this case, we must determine the means to adjudicate the unresolved facts." *Id.* at 622. Noting that the parties did not request that the issue be submitted to the jury, we remanded to the Superior Court for a finding on the unadjudicated issue. *Id.*

In the present case, the parties also waived the right to a jury determination of defendants' individual liability by failing to submit the question to the jury. The court, which had heard all of the evidence at the trial, properly made a finding on the unadjudicated issue. It concluded that there was no evidence in the record that would have supported a finding other than joint and several liability. The testimony in the record relates solely to the actions of Léger, and contains no suggestion that he acted in any capacity other than on behalf of the Bryler Corporation. The Superior Court's order is supported by the record and we find no abuse of discretion. *See* M.R.Civ.P. 1. (Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action").

The entry is:

Judgment affirmed.

All concurring.