1997 ME 53

**Leo F. LAROCHELLE**

v.

**Stephen HODSDON.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1997.
Decided March 21, 1997.

John S. Campbell (orally), Poulos & Campbell, P.A., Portland, for plaintiff.

Theodore H. Kirchner (orally), Norman, Hanson & DeTroy, Portland, for defendant.

(iv) The parent has failed to make a good faith effort to rehabilitate and reunify with

the child pursuant to section 4041.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and DANA, JJ.

DANA, Justice.

[¶ 1]  Leo F. Larochelle appeals from the summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of Stephen Hodsdon on all five counts of Larochelle's legal malpractice action.  Larochelle argues the court erred in granting a summary judgment because, contrary to the court's conclusion, his claims are not barred by the statute of limitations.  Hodsdon argues he is entitled to a summary judgment because of the statute of limitations, or alternatively, because of any of three alternate grounds: collateral estoppel, the lack of an attorney-client relationship, and Larochelle's failure to designate an expert on the issue of legal malpractice.  We vacate the judgment.

[¶ 2]  Leo Larochelle was a real estate broker licensed in Maine from 1961 until 1992.  Stephen Hodsdon is an attorney and Larochelle's son-in-law.  This case arises from a failed real estate transaction involving: Larochelle; Hodsdon; the buyer, First Meridian Group; and the owners of the Surfside Motel and Cabins in Old Orchard Beach, Robert and Karen Moreau.  In May 1988, although Larochelle was not the Moreaus' real estate agent, he informed them he knew a potential buyer for the Surfside.  Larochelle introduced the Moreaus to representatives of First Meridian.

[¶ 3]  In June and July 1988 the parties negotiated a purchase and sale contract.  The Moreaus were represented by attorney Roderick Potter and First Meridian was represented by Hodsdon, who drafted the agreement.  Larochelle claims Hodsdon also represented him in the matter, i.e., Larochelle claims Hodsdon negotiated on his behalf regarding, among other things, the real estate commission he would receive.  At the time, Hodsdon represented Larochelle in two lawsuits involving parties unconnected to the Surfside transaction.  The final contract was an option agreement requiring an earnest money deposit of $25,000, to be held by Larochelle.

[¶ 4]  The parties signed the agreement in late July 1988.  Although the Moreaus were shown a photocopy of a $25,000 check made out by First Meridian to Larochelle, Larochelle claims he was neither shown a photocopy nor provided with the actual check.  Larochelle claims that at the signing Hodsdon led him to believe he was not obligated to obtain the deposit until a later date.  Larochelle claims Hodsdon further advised him not to worry about the deposit and that when the check was issued Hodsdon would either hold it for Larochelle to pick up or deposit it in his own account and transfer it to Larochelle later.  Larochelle also claims that in 1989 Hodsdon once again advised him not to worry and that Hodsdon would tell Larochelle when he must obtain the deposit.  Larochelle claims he believed Hodsdon would alert him when Larochelle was obligated to obtain the deposit.

[¶ 5]  First Meridian failed to purchase Surfside within the two-year option period, and in July 1990 the Moreaus sought the deposit from Larochelle.  Larochelle claims that in late July 1990 he consulted with Hodsdon regarding the terms of the agreement and the existence of the deposit check.  Larochelle claims Hodsdon advised him not to speak directly with the Moreaus' attorney and agreed to investigate the matter.

[¶ 6]  On February 10, 1995, Larochelle filed the present action, a five-count complaint alleging (I) negligence, (II) breach of fiduciary duties, (III) misrepresentation, (IV) breach of contract and implied covenant of good faith, and (V) negligent infliction of emotional distress.  The court granted a summary judgment in favor of Hodsdon on all counts, concluding the complaint was barred by the statute of limitations.

*I*

*Statute of Limitations*

[¶ 7]  A summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact.  M.R.Civ.P. 56(c); *Olson v. Albert*, 523 A.2d 585, 588 (Me.1987).  On appeal we view the evidence in the light most favorable to the nonprevailing party to determine whether

the record supports the conclusion there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See, e.g., Kandlis v. Huotari,* 678 A.2d 41, 42 (Me.1996). The applicable statute of limitations in this case is six years. 14 M.R.S.A. § 753–A, 14 M.R.S.A. § 752.[1]

[¶ 8] Larochelle contends that he has generated a genuine issue of material fact whether each claim accrued after February 9, 1989, six years prior to commencement of this case. We agree. In his affidavit Larochelle claims:

Hodsdon breached the duties he owed to me by, *inter alia:*

(a) failing to advise me of my duty to obtain the $25,000;

(b) failing to advise me of [his] conflicting interests and the impact of those interests on protecting my interests;

(c) failing to advise me that the Moreaus had been led to believe I had received the Deposit or to otherwise keep me accurately informed as to the status of the transaction;

(d) breaching his commitments to me relative to the Deposit [, e.g., advising Larochelle in 1989 not to worry and that Hodsdon would inform Larochelle when he must obtain the deposit];

(e) failing to advise me to pressure First Meridian to advance the monies for the Deposit during 1988, 1989, or 1990 or to take other action or obtain independent counsel to obtain the Deposit or protect my interests;

(f) failing to advise me in 1988, or thereafter, that I should immediately retain other counsel. . . .

Viewing the evidence in the light most favorable to Larochelle, there exists a genuine issue of material fact as to whether each of his claims accrued within the six-year limitation period; therefore, the court erred in granting a summary judgment based on the statute of limitations.

[¶ 9] Because we reach this conclusion, we need not reach Larochelle's argument regarding the tolling of the statute of limitation based on Hodsdon's continuous representation of Larochelle through October 1989. We will consider, however, the three alternate bases argued by Hodsdon in support of the summary judgment.

## II

### Collateral Estoppel

[¶ 10] As a result of Larochelle's actions in the Surfside transaction, the Moreaus sued him in the Superior Court claiming a breach of a fiduciary duty, a breach of a contract, a violation of the Real Estate Brokerage License Act, and violations of the rules and regulations of the Maine Real Estate Commission. A default judgment was entered in the Superior Court (*Lipez, J.*) in favor of the Moreaus in the amount of $25,000, together with interest and costs, and in 1992 we affirmed the judgment by a memorandum of decision. As a result of the Surfside transaction, the Moreaus also filed a complaint against Larochelle with the Maine Real Estate Commission. After an investigation and an adjudicatory hearing, the commission revoked Larochelle's real estate broker's license in 1992, concluding that Larochelle breached duties he owed to the Moreaus and violated the commission's rules. Larochelle did not appeal the commission's decision.

[¶ 11] Hodsdon argues that either the default judgment in the Superior Court or the commission's decision preclude Larochelle from litigating certain key factual underpinnings of his claims. Specifically, Hodsdon claims Larochelle is collaterally estopped from imposing liability on Hodsdon because Larochelle was found to have unilaterally violated duties that he alone owed to the Moreaus. We disagree. Collateral estoppel is applicable only when "the identical

---

1. 14 M.R.S.A. § 753–A (Supp.1996) provides:

   In actions alleging professional negligence or breach of contract, for legal service, by a licensed attorney, the statute of limitations shall start to run from the date of the act or omission giving rise to the injury and not from the discovery of the malpractice, negligence or breach of contract. . . .

   14 M.R.S.A. § 752 (1980) provides: "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, . . . except as otherwise specially provided."

issue necessarily was determined by a prior final judgment, and the party estopped had *a fair opportunity and incentive* to litigate the issue in the prior proceeding." *Mutual Fire Ins. Co. v. Richardson,* 640 A.2d 205, 208 (Me.1994) (quoting *State Mutual Ins. Co. v. Bragg,* 589 A.2d 35, 37 (Me.1991)) (emphasis added). Application of the doctrine is inappropriate in this case. Contrary to Hodsdon's contentions, Larochelle did not have an incentive to litigate, in the prior actions, issues relating to Hodsdon's alleged legal malpractice. Larochelle's reliance on the advice of legal counsel would not have served as an effective defense to his breaches of duty or rules violations. *See, e.g., Mutual Fire Ins. Co.,* 640 A.2d at 209 ("[M]istakes by counsel are attributed to the client.").

### III

#### Attorney–Client Relationship

[¶ 12] Hodsdon next contends that Larochelle failed to come forward with any evidence in support of the alleged attorney-client relationship between Hodsdon and Larochelle. Hodsdon contends Larochelle offered no evidence of an agreement to retain his services, a fee agreement, fees paid, nor any other indicia of an attorney-client relationship. We disagree. Viewing the evidence in the light most favorable to Larochelle renders Hodsdon's contentions on this issue meritless. *See Board of Overseers of the Bar v. Dineen,* 500 A.2d 262, 264–65 (Me.1985) ("an attorney client relationship does not require the payment of a fee or

2. *See Jim Mitchell and Jed Davis, P.A. v. Jackson,* 627 A.2d 1014, 1017 (Me.1993), *cert. denied* 510 U.S. 1081, 114 S.Ct. 903, 127 L.Ed.2d 94 (1994) (in a legal malpractice action expert testimony is required to establish an attorney's breach of duty, except when the breach is so obvious it

formal retainer but may be implied from the conduct of the parties.").

### IV

#### Expert Witness

[¶ 13] Hodsdon finally contends Larochelle is unable to establish any breach of care by Hodsdon because proof of the issue requires the opinion of an expert and Larochelle failed to designate his expert in a timely manner. Without commenting whether this is the type of case requiring use of an expert,[2] we decline to consider this issue because it is premature. Contrary to Hodsdon's contention, it cannot be determined at this time whether, in the circumstances of this case, it would be an abuse of discretion for the trial court to allow Larochelle's untimely designation of an expert on the issue of legal malpractice. *See Employee Staffing of America, Inc. v. Travelers Ins. Co.,* 674 A.2d 506, 508 (Me.1996) (imposition of sanctions for a discovery violation is within the discretion of the trial court and is reviewed only for an abuse of discretion).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen).