**Murray KEATINGE, Plaintiff**

v.

**Elizabeth E. BIDDLE, et al., Defendants**

**No. CIV. 99–321–P–H.**

United States District Court, D. Maine.

Feb. 21, 2002.

**4**

Lee H. Bals, Esq., Regan M. Hornney, Esq., Marcus, Clegg & Mistretta, P.A., Portland, ME, for Plaintiff.

James M. Bowie, Esq., Thompson & Bowie, Portland, ME, for Defendants.

## ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND/OR FOR NEW TRIAL

HORNBY, Chief Judge.

The defendants' motion for new trial and their motion for judgment notwithstanding the verdict are both DENIED.

Upon certification of the question, the Law Court definitively rejected (as I did earlier) the defendants' first line of defense—that there can never be an attorney-client relationship between the grantor of a power of attorney and a lawyer engaged by the holder. The question that remains, then, is how it is to be determined whether any such relationship exists. Although the Law Court declined to answer the remaining questions I certified (apparently because of the posture of the case—the jury had already been instructed), nothing in its opinion suggests that it has receded from the position that existence of an attorney-client relationship is a factual question, *see Board of Overseers of the Bar v. Mangan,* 763 A.2d 1189, 1192 (Me.2001); RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 14 and cmt. c, e, f (1998); that it may be implicit, *see Larochelle v. Hodsdon,* 690 A.2d 986, 989 (Me.1997); *Board of Overseers of the Bar v. Dineen,* 500 A.2d 262, 264–65 (Me.1985); and that the factfinder can rely on surrounding circumstances, *see Larochelle,*

690 A.2d at 989; *Dineen,* 500 A.2d at 264–65. I presented the issue to the jury as a factual finding for them to make, and the jury found as a fact that the grantor, Murray Keatinge, did enter into an attorney-client relationship with Attorney Biddle and her law firm. I instructed the jury that they could find an attorney-client relationship only if they found, among other things, that the lawyer(s) "knew or should have known that Murray Keatinge was relying upon them for legal counsel." On the evidence, the jury did not have to reach that conclusion, but it certainly could. Among other things, Murray Keatinge had talked directly to Attorney Biddle about the size of her bill, and Attorney Biddle had direct correspondence with him in connection with a real estate closing.

In overruling objections to the charge (from both sides), I gave an extensive explanation from the bench of the reasons I gave the charge I did. No more need be said here.

So ORDERED.