**Thomas M. MANGAN, Plaintiff,**

v.

**Thuy Thi RUMO, Defendant.**

**Civ. No. 02–26–P–H.**

United States District Court,
D. Maine.

May 29, 2002.

Thomas M. Mangan, Lewiston, ME, Pro se.

James B. Haddow, Petruccelli & Martin, LLP, Portland, ME, for defendant.

**ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on May 8, 2002, with copies to the parties, his Recommended Decision on Plaintiff's Motion to Dismiss Counterclaims

and Defendant's Motion for Partial Judgment on Pleadings. The plaintiff filed an objection to the Recommended Decision on May 20, 2002. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

The Magistrate Judge was clearly correct in ruling that the defendant was entitled to judgment on the pleadings on Counts I and II. The plaintiff, however, asserts that he has evidence to support his position that the defendant was out of state, tolling the statute of limitations, for enough time to permit his claims to proceed. If he can make those claims within the strictures of Rule 11, he can move to amend his complaint accordingly, and the Court will have to assess whether a late amendment is justified. (I observe that the Recommended Decision issued before the deadline for amending the pleadings had passed.)

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The plaintiff's motion to dismiss the counterclaim is DENIED and the defendant's motion for judgment on the pleadings as to Counts I and II of the Complaint is GRANTED.

So ORDERED.

## *RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS*

COHEN, United States Magistrate Judge.

The plaintiff, Thomas M. Mangan, moves to dismiss the counterclaim asserted by the defendant, Thuy Thi Rumo, who moves for partial summary judgment on Counts I and II of the complaint. I recommend that the court deny the plaintiff's motion and grant the defendant's motion.

### I. Motion to Dismiss

### A. Applicable Legal Standard

The plaintiff's motion invokes Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Plaintiff's Motion to Dismiss Defendant's Counterclaims (Docket No. 6) at 1. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the [counterclaim], extending the [defendant] every reasonable inference in her favor." *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir.1993). The plaintiff is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the [defendant] would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me.1999).

An action may be dismissed pursuant to Rule 12(b)(1) when the court lacks jurisdiction over the subject matter of the action. It is the plaintiff's burden to prove the existence of subject-matter jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir.1996).

> In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff.

*Id.* at 1209–10 (citation omitted). When the jurisdictional facts are disputed by a defendant, materials of evidentiary quality outside the pleadings may be offered to and considered by the court. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001). In the context of the instant case, the "plaintiff" for purposes of the counterclaim is the defendant.

### B. Discussion

The counterclaim alleges four causes of action: attorney malpractice (Count I), breach of a duty to avoid causing her emotional harm (Count II), intentional infliction of emotional distress (Count III) and a claim for punitive damages (Count IV). Answer and Counterclaim (Docket No. 2) at 13–17.

The plaintiff contends that all of these claims are barred by the statute of limitations set forth at 14 M.R.S.A. §§ 753 and 753–A; that punitive damages are not available on Count I because it is an action for breach of contract; that the allegations of the counterclaim are insufficient to support a claim for punitive damages; that the claims for infliction of emotional distress require that the defendant succeed on an underlying tort claim; and that it would be "a major injustice" to require the plaintiff to defend against allegations of conduct occurring ten to twenty years ago. Plaintiff' [sic] Memorandum of Law in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Plaintiff's Memorandum") (filed with Plaintiff's Motion to Dismiss Defendant's Counterclaims) at 1–4. The statute of limitations is an affirmative defense. Fed.R.Civ.P. 8(c). In order for a claim to be subject to dismissal under Rule 12(b)(6) on the basis of an affirmative defense, the defense must clearly appear on the face of the pleading. *Blackstone Realty LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir.2001).

Section 753 of Title 14 of the Maine Revised Statutes Annotated, to which the plaintiff refers, establishes a two-year statute of limitations for actions for assault and battery, false imprisonment and slander and libel. No such claims are asserted in the counterclaim and section 753 is not applicable. Section 753–A was repealed in 2001; the statute of limitations that the plaintiff apparently means to invoke is now found at 14 M.R.S.A. § 753–B. That statute merely establishes the time when the statute of limitations begins to run on actions alleging professional negligence, malpractice or breach of contract for legal services by a licensed attorney. As such, it would have relevance only to Count I of the counterclaim. Contrary to the plaintiff's argument, neither statute provides a two-year statute of limitations for such claims. The applicable statute of limitations for Count I, as for the other counts, is six years, as established by 14 M.R.S.A. § 752. *Larochelle v. Hodsdon,* 690 A.2d 986, 988 (Me.1997). The counterclaim alleges that the defendant entered into an attorney-client relationship with the plaintiff in 1990, that he used information gained in this relationship to initiate a sexual relationship in

1992 or 1993, that he manipulated her to maintain a continuing sexual relationship at a time when she would have chosen to cease contact with him, and that he did not cease the relationship "upon evidence that [she] wished to do so," threatening to "take her down with him" if she exposed him. Answer and Counterclaim at 13–15. Interpreted in the light most favorable to the defendant as required in connection with a motion to dismiss, the counterclaim does not clearly allege conduct that occurred only before March 21, 1996, six years before the counterclaim was filed. Accordingly, the plaintiff is not entitled to dismissal of the counterclaim on this basis.

The plaintiff's contention that claims for infliction of emotional distress cannot proceed in the absence of an underlying tort is an erroneous statement of Maine law. *See Vicnire v. Ford Motor Credit Co.,* 401 A.2d 148, 154–55 (Me.1979), and *Gammon v. Osteopathic Hosp. of Maine,* 534 A.2d 1282, 1283–84 (Me.1987). He would not be entitled to dismissal on this basis even if Counts I and II were dismissed.

With respect to the defendant's claim for punitive damages, which is not a separate claim but rather a demand for a certain type of damages arising out of substantive claims, the defendant has alleged sufficient facts to allow a reasonable factfinder to conclude, if the allegations are proved, that the plaintiff acted with deliberate conduct so outrageous that malice toward the defendant can be implied. *Tuttle v. Raymond,* 494 A.2d 1353, 1361 (Me.1985). Punitive damages are available on a claim for legal malpractice. *McAlister v. Slosberg,* 658 A.2d 658, 660 (Me.1995). The plaintiff is not entitled to dismissal of the defendant's claim for punitive damages.

Finally, a party defending a claim based on events that occurred within the period established by the applicable statute of limitations does not thereby suffer an injustice so great as to require dismissal of such claims. There is no suggestion in the allegations of the counterclaim of conduct occurring before 1990. The plaintiff offers no reason why he would be more unable to produce evidence to defend himself from claims arising from con-

duct that began during the past twelve years than any other individual. There is no inherent injustice here.

The plaintiff's motion to dismiss the counterclaim should be denied.

## II. Motion for Partial Judgment on the Pleadings

### A. Applicable Legal Standard

A motion for judgment on the pleadings is governed by Fed.R.Civ.P. 12(c). The First Circuit has articulated the applicable standard for evaluating such a motion as follows:

> [B]ecause rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable inferences in [its] favor.... [T]he court may not grant a defendant's Rule 12(c) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief."

*Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988) (citations omitted). *See also Lovell v. One Bancorp*, 690 F.Supp. 1090, 1096 (D.Me.1988) (on motion for judgment on pleadings, factual allegations in complaint must be taken as true and legal claims assessed in light most favorable to plaintiff; judgment warranted only if there are no genuine issues of material fact and moving party establishes that it is entitled to judgment as matter of law).

■ When a party seeking judgment on the pleadings submits materials in addition to the pleadings, it is within the court's discretion whether to consider those materials, thereby transforming the motion into one for summary judgment by operation of Fed. R.Civ.P. 12(c). *Snyder v. Talbot*, 836 F.Supp. 19, 21 n. 3 (D.Me.1993) (motion to dismiss under Rule 12(b)(6); language in rule concerning conversion to summary judgment identical); *see also Collier v. City of Chicopee*, 158 F.3d 601, 602–03 (1st Cir.1998). The court may choose to ignore the supplementary materials and determine the motion under Rule 12. *Garita Hotel Ltd. Partnership v.*

*Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18–19 (1st Cir.1992).

### B. Discussion

■ The defendant moves for judgment on the pleadings on Counts I and II of the complaint, F.R.Civ.P. 12(c) Motion for Partial Judgment on the Pleadings, etc. ("Defendant's Motion") (Docket No. 7) at 1, which allege slander, Complaint (Docket No. 1) ¶¶ 11–29. She bases her motion on the applicable statute of limitations, 14 M.R.S.A. § 753. The complaint alleges that the slander at issue was uttered "[d]uring the period of June, 1997 to and including, [sic] July 1999." *Id.* ¶ 7. These dates are obviously more than two years before the filing of the complaint on February 5, 2002.

The plaintiff contends that the statute of limitations was tolled "for most of the years 1998, 1999, and 2000," when "the Defendant resided in the State of New Hampshire with her daughter, and others, was employed in the State of New Hampshire and clearly established her 'domicile' in New Hampshire," Plaintiff's Opposition to Defendant's Motion for Partial Judgment on the Pleadings, etc. ("Plaintiff's Opposition") (Docket No. 10) at 2. He relies on 14 M.R.S.A. § 866 to relieve him of the application of section 753 to his claims. *Id.* That statute provides, in relevant part:

> If a person is out of the State when a cause of action accrues against him, the action may be commenced within the time limited therefor after he comes into the State. If a person is absent from and resides out of the State, after a cause of action has accrued against him, the time of his absence from the State shall not be taken as a part of the time limited for the commencement of the action.... No action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country while all the parties have resided therein.

The plaintiff offers only his own, unsworn factual allegations in his memorandum of law in support of his argument.[1] Nothing on the

---

1. The plaintiff attaches to his memorandum an unverified copy of a warranty deed dated Febru-

face of his complaint addresses the residence of the defendant at any time other than the time at which the complaint was filed.

 While the burden of proof when the issue of tolling has been generated by the plaintiff in response to a facial attack on the complaint "remains on the defendant to support all aspects of [her] affirmative defense," *Patten v. Milam*, 480 A.2d 774, 776 (Me. 1984), the plaintiff in this case has not "generated" the issue of tolling merely by making unsupported factual allegations in his memorandum of law. In the *Patten* case, the issue was generated by the filing of an affidavit. *Patten v. Milam*, 468 A.2d 620, 621 (Me.1983) (*"Patten I"*). The presentation of matters outside the pleading would transform the motion for judgment on the pleadings into one for summary judgment, Fed.R.Civ.P. 12(c), if those matters were of evidentiary quality, *id.* & Fed.R.Civ.P. 56(c); *Rubert–Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir.2000) (noting that Rule 12(c) is identical to Rule 12(b)(6) for this purpose and that Rule 12(b)(6) case law assists in determining Rule 12(c) cases), but here the plaintiff has presented nothing that meets this standard.[2] The exception to this rule, for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint," *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001) (citation omitted), is not implicated by the plaintiff's filings in this case. The court may not consider the plaintiff's factual allegations concerning the defendant's residence in connection with the defendant's motion for judgment on the pleadings. In the absence of any evidence to suggest that the applicable statute of limitations should be tolled, the defendant is entitled to judgment on Counts I and II of the complaint.

ary 21, 2001 conveying real property located in Lewiston, Maine from the defendant to another person. The date of this document makes it irrelevant to the plaintiff's argument that the defendant resided in New Hampshire in 1998, 1999 and 2000.

## III. Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to dismiss the counterclaim be **DENIED** and that the defendant's motion for judgment on the pleadings as to Counts I and II of the complaint be **GRANTED**.

**2.** The same would be true in Maine state court. *Patten I*, 468 A.2d at 622.